In re **WHITE MOTOR CORPORATION, Debtor.**

Civ. A. No. C82–3209.

United States District Court, N.D. Ohio, E.D.

June 30, 1986.

Russell C. Brown, Stolpestad, Brown & Smith, St. Paul, Minn., for plaintiffs.

Daniel E. Westbrook, Robin E. Phelan, Haynes and Boone, Dallas, Tex., Stanley B. Block, Robert P. Casey, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

G. Christopher Meyer, William H. Baughman, Jr., Squire, Sanders & Dempsey, Cleveland, Ohio, for John T. Grigsby, Jr., as Trustee of and Successor in Interest to defendant White Motor Corp.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Patrick T. Reid appeals from an order entered by the bankruptcy court on June 20, 1985 granting summary judgment in favor of the Disposition Assets Trustee ("the DAT") for White Motor Corporation ("WMC") on a claim filed by Reid on behalf of a class of former WMC employees. Reid also appeals from an order entered by the bankruptcy court on September 11, 1985, denying three post-judgment motions. Pending before the Court is the DAT's motion to dismiss for lack of jurisdiction and motion to dismiss for failure to demonstrate abuse of discretion. For the reasons set forth below, the DAT's motions are granted and the appeals are dismised.

The District Court's appellate jurisdiction rests on 28 U.S.C. § 158,[1] as enacted by the

---

1. Title 28 U.S.C. § 158 provides in pertinent part:

    (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

\*     \*     \*     \*     \*     \*

Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333.

## I.

The facts which are pertinent to ruling on the DAT's motion are succinctly and adequately set forth in the bankruptcy court's June 20, 1985 order. *In re White Motor Corp.*, No. B80–3361 (Bankr.N.D. Ohio June 20, 1985)("June 20 order"). The parties have not objected to the bankruptcy court's findings of fact, which in their entirety state:

1. On September 4, 1980, WMC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (11 U.S.C. § 1101 et seq.) On November 18, 1983, a modified plan of reorganization was confirmed. Under the plan the DAT, John T. Grigsby, Jr., is successor in interest to WMC for the purpose of objecting to claims.

2. On September 3, 1981 claim No. 188 was filed for $1,743,233.05 and subsequently amended to $3,097,791.99.

3. Patrick T. Reid, an attorney, filed claim No. 188 as agent for a class of former WMC employees. The claim which asserts rights to severance pay arises from a class action filed against WMC on February 21, 1977 in Michigan State Court. In the case of *Burch v. WMC*, Case No. 77–19932–CK, Reid filed a class action alleging the same liability as asserted herein. That action certified by the State Court was eventually dismissed.

4. Reid is not a member of the class for which he filed the claim.

5. Appended to claim No. 188 is a list of names and amounts, the significance of which is unexplained. Presumably the list consists of members of the class on whose behalf the claim was filed. It is unclear, however, whether those listed are actual or potential members of the State Court class action.

6. August 30, 1983 was the bar date for filing claims in the WMC case.

7. On September 20, 1983, the DAT filed objection to claim No. 188 asserting it was the subject of a contested lawsuit and should be expunged. On November 6, 1984, the DAT filed the motion for summary judgment [on his objection to claim No. 188].

## A.

In support of his motion for summary judgment filed pursuant to Bankruptcy Rule 7056 [2], the DAT argued that (1) Reid's class claim could not be used to circumvent the requirement of Bankruptcy Rule 3003(c)(2) [3] that individual proofs of claim be filed; (2) Reid had not moved, pursuant to Bankruptcy Rule 9014,[4] for application

(c) An appeal under subsection[ ] (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

**2.** Bankruptcy Rule 7056 provides that "Rule 56 F.R.Civ.P. applies in adversary proceedings."

**3.** Bankruptcy Rule 3003(c)(2) provides:

Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

**4.** Bankruptcy Rule 9014 provides:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7062, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. A person who desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The clerk shall give notice to the parties of the entry of any order directing that additional rules of

of Bankruptcy Rule 7023,[5] which governs the procedure for filing a class proof of claim; (3) even if Bankruptcy Rule 7023 was applicable, Reid had not satisfied that rule's procedural requirements since he was not a member of the class, he had not sought certification as soon as practicable after filing the claim, a class action would not better protect individual interests, and because a class action was not necessary to accommodate the claims of individual class members; and (4) the claims bar date prevented class members from filing late individual claims, even though the class action was timely filed.

Reid argued in opposition that the class had already been certified in the Michigan state court action and that the DAT was therefore estopped from contesting the class certification in bankruptcy court. Reid also contended that the DAT had not been prejudiced by the delay in seeking class certification and that recertification was unnecessary, inappropriate and inefficient. In an apparent effort to create a genuine issue of material fact, Reid submitted an affidavit stating that he was the attorney appointed by the Michigan state court to represent former employees of WMC in a certified class action.

On June 20, 1985, the bankruptcy court entered its order granting the DAT's motion for summary judgment. In a concise opinion, the court held that:

No section of the Code authorizes filing a class claim. A proof of claim must be "executed by the creditor or the creditor's authorized agent...." Bankruptcy Rule 3001(b). Bankruptcy Rule 7023, which governs class actions is applicable to contested claims only on court order under Bankruptcy Rule 9014. Class actions, therefore, are not directly available as a procedural mechanism for filing claims. While Rule 9014 authorizes the court to apply Rule 7023, as a general

rule courts deem class actions inappropriate to claim proceedings.

Because the courts generally disfavor these actions and Reid failed to timely request authorization prior to filing the class claim, this Court declines to order Bankruptcy Rule 7023 applicable to the Reid claim.

The certification of the class action in the State Court is not binding on this Court and is not determinative of the propriety of a class proceeding on claims. Moreover, since Reid is not a WMC creditor and the claim cannot be maintained on behalf of the class, there exists no genuine issue of material fact regarding the impropriety of the claim. Further, Reid does not assert that he was authorized by individual creditors to file claims on their behalf. Summary judgment on the DAT's objection to claim is, therefore, appropriate.

The parties dispute whether individual class members should be permitted to file late claims for the liability asserted in the class claim. As a rule a class action cannot be maintained to circumvent the requirement of filing individual claims. Individual class members who failed to file claims are now barred by the Court's order of August 1, 1983. Extending the bar date for cause is within the sound discretion of the court. There is no basis, however, for extension of the bar date in this case. Adequate notice was given and Reid has failed to establish grounds for such extension. Moreover, Reid has failed to distinguish which individuals are to be included within the scope of the requested extension. Extension of the bar date is, therefore, denied. It is worthy of note that the Court cannot deal dispositively with potential motions to allow the filing of late claims.

Part VII are applicable or that certain of the rules of Part VII are not applicable. The notice shall be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedures made applicable by the order.

5. Bankruptcy Rule 7023 provides that "Rule 23 F.R.Civ.P. applies in adversary proceedings." Rule 23, of course, states the procedural requirements for bringing a class action.

IT IS, THEREFORE, ORDERED that DAT's motion for summary judgment on the objection to claim No. 188 is granted. June 20 order, slip op. at 2–4 (citations omitted).

B.

Reid did not preserve his right to appeal by filing a notice of appeal within the ten-day period allowed under Bankruptcy Rule 8002.[6] Instead, on July 22, 1985, thirty-two days after his claim had been disallowed, Reid filed a flurry of motions. First, in his motion for reconsideration, Reid argued that the bankruptcy court had erred in granting summary judgment. In short, Reid therein reiterated the arguments he previously made concerning the propriety of class certification. Second, Reid belatedly moved under Bankruptcy Rule 9014 to apply, *inter alia*, Bankruptcy Rule 7023. Finally, Reid filed a tripartite motion requesting that (1) putative class members be permitted to amend the proof of claim; (2) the court consider his claim as the claim of each putative class member, as if filed individually; and (3) the claims bar date be extended to permit putative class members an opportunity to file tardy proofs of claim.

The bankruptcy court denied Reid's motion for reconsideration because it "merely reiterates the arguments previously presented in opposition to the motion for summary judgment and fails to substantiate the relief sought." *In re White Motor Corp.*, No. B80–3361, slip op. at 2 (Bankr. N.D.Ohio Sept. 11, 1985) ("Sept. 11 order"). The court further held that neither the application of Bankruptcy Rule 7023, nor an amendment of the claim would be effective because Reid's claim had been disallowed. Finding that, "[a]s previously stat-

ed, class action claims cannot be maintained to circumvent the requirement of filing individual claims," *id.* at 2, the court denied Reid's motion to consider his claim properly filed by putative class members. Finally, since "the Court previously held that cause was not established to justify extension of the claims bar date," and Reid had "again failed to substantiate cause for extending the bar date," *id.* at 2–3, the court denied Reid's motion to extend the claims bar date to permit the filing of tardy individual claims.

On September 19, 1985, Reid filed a notice of appeal, ninety-one days after the bankruptcy court had disallowed his claim. Pending before this Court are the DAT's motion to dismiss Reid's appeal for lack of jurisdiction and his motion to dismiss for failure to demonstrate abuse of discretion.

Upon examination of the briefs and record, this Court determines that "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Bankruptcy Rule 8012.

II.

A.

The DAT contends that Reid's post-judgment motions did not toll the running of his appeal time. Reid's failure to file a timely notice of appeal in the DAT's view therefore deprives this Court of jurisdiction over Reid's appeal from the bankruptcy court's June 20 order. With respect to Reid's post-judgment motions, the DAT argues that they should all be treated as motions made pursuant to Fed. R. Civ. P. 60(b),[7] since

---

6. Bankruptcy Rule 8002 provides in relevant part:

(a) The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from.

If a timely notice of appeal is not filed, no appeal may be taken later. Advisory Committee Note to Bankruptcy Rule 8002.

7. Bankruptcy Rule 9024 makes Fed.R.Civ.P. 60(b) applicable to cases under the Bankruptcy

Code. Fed.R.Civ.P. 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore de-

"[e]very one of the issues raised in and by these motions had been raised by the Trustee in its Motion for Summary Judgment and decided in favor of the Trustee by the Bankruptcy Court in its June 20 Order." Motion to Dismiss at 5. The DAT goes on to claim that the denial of Reid's post-judgment motions must be reviewed under an abuse of discretion standard. He therefore concludes that:

> Since those motions were not predicated on any of the grounds set forth under Rule 60(b), the Bankruptcy Court's actions could not have been an abuse of discretion and this Court should dismiss Reid's appeal of the Order. Reid must not be permitted to circumvent the time limitations for the filing of an appeal and obtain a review of the underlying June 20 judgment through an appeal of the denial of his motions for reconsideration.

In response, Reid contends first that the June 20 order was not final and therefore not appealable, citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 464, 98 S.Ct. 2454, 2455, 57 L.Ed.2d 351 (1978), for the proposition that an order denying class certification is not final. Reid further argues that because the bankruptcy court could have vacated the June 20 order, that order could not have been final. He concludes that only when the various post-judgment motions had been denied did the time for appeal begin to run.

In the alternative, Reid argues that the June 20 order was not final because it granted only partial summary judgment. The order, he insists, did not finally determine the rights of individual claimants. Upon this rather precarious foundation he concludes that the right to appeal arose when the second order was entered, since the bankruptcy court therein finally determined the claims of individual claimants.

Noting that Bankruptcy Rule 3008 governing reconsideration of claims carries no time limit, Reid next argues that his mo-

tions for reconsideration were timely filed. Relying on his assertion that the June 20 order was not final, he then asserts that the requirements of Rule 60(b) do not apply to his post-judgment motions because Rule 60(b) applies only to final judgments and orders. Even conceding the finality of the June 20 order and thus the applicability of Rule 60(b), Reid argues that the denial of his post-judgment motions is reviewable because "relief is available under Rule [3008] after the time to appeal from a particular order of the Bankruptcy Judge has expired." Brief in Opposition at 13 (quoting *In re W.F. Hurley, Inc.*, 612 F.2d 392 (8th Cir.1980)).

Reid then contends alternatively that his motions met the requirements of Rule 60(b). Reid points out that the bankruptcy court's finding that he was not authorized by individual creditors of WMC to file their claims constitutes a mistake of fact within the parameters of Rule 60(b)(1). Reid reaches this conclusion based on the Michigan state court's decision to certify a class of individual claimants. Reid insists that this mistake of fact represented a genuine issue of material fact which should have precluded the bankruptcy court from disposing of his claim on summary judgment. Moreover, Reid argues that the June 20 order should have been set aside under Rule 60(b)(6). He does not, however, explain why Rule 60(b)(6) applies.

### III.

#### A. *The June 20 Order*

■ Reid's appeal teeters atop his argument that the June 20 order was not final and thus not appealable. It is well-settled that a final decision is one which terminates the litigation on the merits. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631,

---

nominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

89 L.Ed. 911 (1945). It seems rather obvious and beyond contention, therefore, that an order which grants summary judgment and thereby completely terminates a case is a final order. 9 J. Moore, Moore's Federal Practice ¶ 110.07, at 108 n. 6 (relegating this observation to a footnote). *Cf. In re Smith,* 735 F.2d 459 (11th Cir.1984)(order denying summary judgment is interlocutory for purposes of appeal); *Leonard v. Socony-Vacuum Oil Co.,* 130 F.2d 535 (7th Cir.1942), *cited in* 9 J. Moore, *supra,* at n. 6 (partial summary judgment).

Reid's reliance on *Coopers & Lybrand* is entirely misplaced. The present case is easily distinguishable because here the bankruptcy court ended the litigation by granting summary judgment. Furthermore, Reid's argument that the June 20 order granted only partial summary judgment because it "did not finally determine the rights of the individual claimants," Brief in Opposition at 10, is utterly devoid of merit. Put in equivalent logical terms, Reid is contending that an action by A against B is not complete until the rights of C have been adjudicated. This logic so undermines the need for finality in litigation that it must be rejected. Nonparties whose claims are time-barred should, according to Reid, be able to avoid the applicable statute of limitations or, as here, the claims bar date, by reopening a prior final judgment in which their rights were implicated. In any event, by its own terms the June 20 order obviously did not grant only partial summary judgment.

Here, the bankruptcy court entered its order granting summary judgment on June 20, 1985. The time for Reid to file a notice of appeal began to run on that date. *Jetero Const. Co., Inc. v. South Memphis Lumber Co.,* 531 F.2d 1348 (6th Cir.1976) (a decision is final for purposes of appeal and for purposes of post-judgment motions when judgment has been entered). Since Reid did not file his notice of appeal until September 19, 1985, this Court is without jurisdiction to entertain an appeal of the June 20 order. *In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982). *See also* Advisory Committee Note to Bankruptcy

Rule 8002 cited *supra* note 6. With respect to the June 20 order, the DAT's motion to dismiss is granted.

### B. *The Motion for Reconsideration*

■ Reid's motion for reconsideration simply renewed and reiterated the legal arguments which the bankruptcy court disposed of on summary judgment. Under Bankruptcy Rule 9024, motions for reconsideration are to be treated as Rule 60(b) motions. 1 Collier on Bankruptcy ¶ 3.03[8] (15th ed. 1979).

The fundamental basis for Reid's motion for reconsideration is legal error. As recognized by the Sixth Circuit, "a claim of legal error [is] subsumed in the category of mistake under Rule 60(b)(1). A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir.1985). Likewise, a claim of legal error unaccompanied by extraordinary circumstances is not cognizable under Rule 60(b)(6). *Id.* For these reasons, this Court is without jurisdiction to hear Reid's appeal from the bankruptcy court's denial of his motion for reconsideration. *In re LBL Sports Center, Inc.,* 684 F.2d 410.

Reid's present appeal constitutes a not too subtle attempt to bootstrap an appeal of the underlying summary judgment decision onto the denial of his motion for reconsideration, not to mention his other post-judgment motions. As stated by the Sixth Circuit:

It is settled that a 60(b) motion "cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling." This admonition applies with particular force to a motion based on legal error. The interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal.

*Pierce,* 770 F.2d at 451–52 (citation omitted).

One must question why Reid moved the bankruptcy court to reconsider and reverse its June 20 order, when he now argues that that order was not final. The answer is of course that Reid knew (or should have known) that the summary judgment decision completely disposed of his claim. The only procedure by which he could obtain judicial review of the June 20 order was a motion under Bankruptcy Rule 9024. Reid's contention that the summary judgment decision was not a final order only highlights the contradiction in his argument. In the final analysis, Reid has been hoist by his own petard.[8]

### C. *The Other Post-Judgment Motions*

Although the parties disputed whether individual class members should be permitted to file late claims, the bankruptcy court noted in its June 20 order that it could not "deal dispositively with potential motions to allow the filing of late claims." June 20 order at 3. The remaining post-judgment motions arguably raised new matters which were not previously before the bankruptcy court. To the extent, therefore, that Reid's companion motions to permit late filing of claims and to consider claims properly filed by individual claimants were not disposed of by the June 20 order, this Court has jurisdiction to review the September 11 order denying those motions. Similarly, Reid's motions to permit amendment of his claim and to apply various adversary rules were properly raised post-judgment and are reviewable by this Court.

Post-judgment motions made more than ten days after the entry of judgment are to be treated as Rule 60(b) motions. 12 Collier on Bankruptcy ¶ 307.04[4] (14th ed. 1978).[9] An order denying a motion under Rule 60(b) is final and appealable. 11 C. Wright & A. Miller § 2871 (1973). In reviewing Rule 60(b) motions, this Court is to set aside the decision of the lower court only if it constitutes an abuse of discretion. *Bank of Montreal v. Olafsson,* 648 F.2d 1078 (6th Cir.1981). As stated by the Sixth Circuit in *Stephens Industries, Inc. v. McClung,* 789 F.2d 386, 388–89 (6th Cir. 1986) (quoting *In re Posner,* 700 F.2d 1243, 1246 (9th Cir.), *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983)), " 'a reviewing court may determine that the Bankruptcy Court abused its discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of all relevant factors.' "

■ Upon consideration, this Court holds that the bankruptcy court did not abuse its discretion in denying Reid's motions to permit late filing of claims and to consider claims properly filed by individual claimants. At no time has Reid shown cause for extending the claims bar date, and to have considered his claim properly filed by individual claimants would have accomplished

---

8. [H]oist by his own petard means "destroyed by his own trickery or inventiveness." A *petard,* in medieval warfare, was an explosive charge which daring warriors would affix to the walls or gate of a castle under siege. This action in itself was a most hazardous one, but the greatest danger came after the *petard* was in place. The explosive was detonated by a slow match or slowly burning fuse. Occasionally, of course, the explosive went off prematurely, in which case the warrior was *hoist* (lifted or heaved) *by his own petard.* It is unlikely that this archaic phrase would have persisted in our language, even in a figurative sense, had not Shakespeare conferred immortality upon it with this line from Hamlet: " 'Tis the sport to have the engineer hoist with his own petard." Today it is chiefly used to describe a person ruined by plans or devices with which he had plotted to ensnare others. W. Morris & M. Morris, Dictionary of Word and Phrase Origins 285–86 (1977).

9. The procedure for bringing post-judgment motions is controlled by Fed.R.Civ.P. 59 and 60, made applicable to bankruptcy cases by Bankruptcy Rules 9023 and 9024. Rule 59 regulates motions for a new trial and to alter or amend judgment, and must be served within ten days of the entry of judgment. Rule 60 controls motions to reopen a case and to reconsider an order, but there is no similar time limit. Hence, post-judgment motions not falling within the parameters of Rule 59 are to be treated as Rule 60 motions. *See* Advisory Committee Notes to Bankruptcy Rules 9023 and 9024.

 

that very result. Moreover, Reid did not articulate a basis for relief under any of the provisions of Rule 60(b).[10]

■ With respect to Reid's motions to permit amendment of his claim and to apply various adversary rules, the bankruptcy court in effect held that there was nothing pending before the court either which could be amended or to which those rules could be applied. This decision was not an abuse of discretion. The bankruptcy court could not very well allow amendment of Reid's claim or application of various procedural rules when there was no case pending before the court. C. Wright & A. Miller, Federal Practice and Procedure § 1484 (1972). Reid first had to succeed in vacating the June 20 decision in order to lend efficacy to these motions. Reid having failed to do so, the bankruptcy court correctly held that "[a]n order applying the adversary rules and permitting amendment of a disallowed claim would be inoperative." Sept. 11 order at 2.

## IV.

For the reasons set forth above, the DAT's motion to dismiss for lack of jurisdiction is granted with respect to Reid's appeal from the June 20 order and the denial of his post-judgment motion for reconsideration. With respect to the remainder of Reid's post-judgment motions, the DAT's motion to dismiss for failure to demonstrate abuse of discretion is granted and

the bankruptcy court's order disposing of those motions is affirmed.

IT IS SO ORDERED.

---

10. Reid's only argument is that the bankruptcy court's determination that he was not authorized by individual creditors to file their claims constituted a mistake of fact cognizable under Rule 60(b)(1). This argument is meritless since it fails to address the issues raised by his motions to permit late filing of claims and to consider claims properly filed by individual claimants.

In fact, the argument relates to the underlying June 20 order and to his motion for reconsideration; specifically, it relates to the propriety of class certification. Even if this Court had jurisdiction to consider it, his Rule 60(b)(1) argument would not be convincing. The fact that Reid may have been authorized to file claims for putative class members was entirely imma-

terial to the bankruptcy court's decision not to certify a class. The court recognized that class actions are disfavored in bankruptcy cases and, in any event, Reid was not even a member of the class which he purported to represent as required by Fed.R.Civ.P. 23. Thus, even if the bankruptcy court made the supposed mistake of fact, such fact was not material to the issue of whether or not to certify the class. Therefore, summary judgment was not inappropriate.

Since, however, Reid failed to file a timely notice of appeal from the June 20 order, this Court has held in Parts III A and B of this opinion that it lacks jurisdiction to entertain an appeal from the June 20 order and from the denial of Reid's motion for reconsideration.