In the Matter of Joseph YURKANIN and Linda A. Yurkanin, Debtors.

Joseph Yurkanin and Linda A. Yurkanin, Plaintiffs,

v.

United States of America, Defendant.

Bankruptcy No. 89–05212–G. Adversary No. 96–4777.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Nov. 16, 1998.

Harley D. Manela, Birmingham, MI, for Joseph Yurkanin and Linda A. Yurkanin, plaintiffs.

Doris D. Coles, Washington, DC, for United States of America, defendants.

## *MEMORANDUM OPINION GRANTING IRS' MOTION FOR ENTRY OF FINAL JUDGMENT*

RAY REYNOLDS GRAVES, Bankruptcy Judge.

### Introduction

This Court is presented with Creditor IRS' motion for entry of final order, or in the alternative a motion to extend time for appeal pursuant to an order from this Court granting summary judgment in favor of Debtors Joseph and Linda Yurkanin.

### Issue

This Court issued an Order Granting Debtors' Motion for Summary Judgment requiring the release of liens against Debtors' property and denying Defendant's Motion for Summary Judgment on August 1, 1997. After the entry of the order on or about August 7, 1997, Debtor contacted the IRS in an effort to determine why the IRS had not complied with the order of this Court. The IRS expressed surprise that the order had been entered.[1] The

1. The IRS indicates that delays in the mail reaching Washington have previously been encountered.

IRS now questions whether an order granting Debtors' motion for summary judgment is final for purposes of appeal. Alternatively, the IRS requests that the time to appeal should be extended due to excusable neglect.

## Background

This matter came before the Court on Debtors' motion for a determination that the IRS' levy on certain property was invalid. Upon reading the respective briefs and after extensive colloquy between the Court and counsel, this Court took the matter under advisement, and requested additional briefs. Subsequently, this Court entered its order granting summary judgment in favor of Debtors on August 1, 1997 and docketed same on August 7, 1997. Although the order was timely mailed, counsel for IRS asserts that it did not receive a copy of the order until September 3, 1997, due to a series of internal mishaps, including the transfer of the attorney assigned to this case.

Upon researching files and determining that a final judgment had not been entered, the IRS contends that the order of this Court is not final for purposes of appeal. Therefore, the IRS alleges that a separate final judgment should be entered in accordance with Fed.R.Bankr.P. 9021.

## Discussion

### I.

The requirement for entry of a final judgment is found in Fed.R.Civ.P. 58 and as referenced by Fed.R.Bankr.P. 9021.

Fed.R.Bankr.P. 9021 states:

General provisions of bankruptcy procedure outline specific requirement for entry of judgments. Except as otherwise provided herein, Rule 58 Fed.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided under Rule 5003. The reference in Rule 58 Fed.R.Civ.P. to Rule 79(a) Fed.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

The docketing and archiving requirements of such orders as found in B.R. 5003.

B.R. 5003 states:

(a) **Bankruptcy Dockets.** The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

. . .

(c) **Judgments and Orders.** The clerk shall keep, in the form and manner as the Director of the Administrative Office of the United States Courts may prescribe, a correct copy of every final judgment or order affecting the title to or lien on real property or for the recovery of money or property, and any other order which the court may direct to be kept. On request of the prevailing party, a correct copy of every judgment or order affecting title to or lien upon real or personal property or for the recovery of money or property shall be kept and indexed with the civil judgments of the district court.

### II.

The IRS contends that in accordance with B.R. 5003, a judgment is not effective for purposes of appeal until such time that a final judgment is entered. The IRS directs this court to *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989) and its interpretation of the applicable rule. The Court in *Reid* carefully analyzed the requirement for the entry of a judgment and held that:

Bankruptcy Rule 9021 requires that a judgment becomes effective to activate the accrual of appeal time only when a separate entry of judgment is recorded in the docket pursuant to Bankruptcy

Rule 5003. A bankruptcy court is required to set forth on a separate document every judgment which is entered in an adversary proceeding or contested matter, and the court's clerk is to enter that separate document of the bankruptcy case. *In re Ozark Restaurant Equipment Co., Inc.*, 761 F.2d 481 (8th Cir.1985); *Stepflug[Stelpflug] v. Federal Land Bank*, 790 F.2d 47 (7th Cir.1986). The separate document rule of Bankruptcy Rule 9021 is identical to that of Fed.R.Civ.P. 58. *In re Seiscom Delta, Inc. (Seiscom Delta, Inc. v. Two Westlake Park)*, 857 F.2d 279, 285 (5th Cir. 1988); *In re Kilgus (Reichman v. United States Fire Insurance Co.)*, 811 F.2d 1112, 1117 (7th Cir.1987) (Bankruptcy Rule 9021 is applied in the same manner as Rule 58). *See, generally 9 L. King, Collier on Bankruptcy, ¶ 9021.03–.04 at 9021–3 (15th ed.1987).* In the case at bar, since a separate document entering judgment had never been filed by the bankruptcy court even to date, it is patently clear that Rule 9021 was not initially satisfied. Consequently, the district court erred in dismissing Reid's appeal as untimely. *Id.* at 1468.

## III.

Conversely, the Debtors argue that pursuant to Fed.R.Civ.P. 58, a separate document is not required, this court's order concludes the litigation and is final. The opinion is construed as final and is not an advisory opinion, and includes the operative language granting summary judgment and requiring the IRS to release certain liens.

The Debtors do not provide any support to establish their contention, and a reading of Fed.R.Civ.P. 58 does not substantiate the Debtors' assertion. Fed.R.Civ.P. 58 simply states:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorney's fees, is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

## IV.

### Definition of Judgment

In defense of Debtors, a review of the rules and case law reveals that a separate judgment is not always required to toll the time for appeal. It is well settled that a final judgment is not always construed as a separate judgment. In some instances an order rather than a judgment may be construed as final. Fed.R.Civ.P. 54(a) states:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

Further, according to Fed. R.Bankr.P. 9001, judgment means any ap-

pealable order, in some instances a separate document entitled judgment is not required to satisfy Fed.R.Civ.P. 54. Similarly, the court in *United States ex rel. Rudd v. Schimmels (In re Schimmels)*, 85 F.3d 416 (9th Cir.1996*); 65 CA F.2d 143, 34 Fed.R.Servs.3d 1596,* held that the satisfaction of the "separate document" rule, requiring every judgment to be set forth on a separate page, is met by the entry of a judgment or order. Moreover, final judgments and orders are used interchangeably throughout the Bankruptcy Code.[2]

## V.

### Final Decision

■ In the case at bar this Court's order requiring the release of IRS liens was contemplated as a final decision affecting the Debtors' property and affects "title to or lien" on real property. Upon entry of the order no further litigation was necessary. The respective rights of the parties were decided. In certain instances, where no further litigation is required and the motion for summary judgment puts a dispute to rest that order is, in effect, a final decision. Fed.R.Bankr.P. 8001 states in relevant part that:

> "An appeal from a judgment, order or decree of a bankruptcy judge to a district court ... A decision is ripe for appeal and thus appealable if it ends litigation on merits and leaves nothing for a court to do ..." 28 U.S.C.A. § 1291.

In some instances courts have held that some decisions are appealable as a final judgment, even though the order does not represent a final determination resolving litigation. *See, Quackenbush v. Allstate,* 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

■ Whether an order constitutes a final decision for purposes of appeal turns upon whether an order is final, and ends the litigation in the trial court. In fact,

the rules are construed more liberally which is a phenomenon unique to bankruptcy appeals, due to the protracted nature of bankruptcy proceedings. As a result, Courts have applied liberalized rules of finality for bankruptcy appeals. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).

■ Although this court notes that a separate document entitled "Judgment," is not necessarily required to toll the time for appeal, the Sixth Circuit has allowed such appeals to proceed only in very narrow circumstances.

### Entry of a Final Judgment Must be Waived to Toll the Time for Appeal

*Reid v. White Motor Corp.,* 886 F.2d 1462 supports the contention that the entry of a final judgment is required to toll the time for appeal. In this case, the bankruptcy court allowed the tolling of the time for appeal, even though a final judgment had not be entered. While *Reid* allowed for the tolling of the time for appeal despite a technical defect, the facts in *Reid* are not parallel to the case at bar and portrays a slightly different picture.

In *Reid,* a district court's memorandum and judgment dismissing an appeal of the bankruptcy court granting summary judgment was erroneously recorded by the clerk of court on the docket in another matter. As a result, appellant never received notice of the district court's memorandum and entry of judgment. Subsequently, some sixteen (16) months later, Reid contacted the district court regarding entry of the order. At that time, the district court discovered the error and entered a *nunc pro tunc* order on the docket declaring June 30, 1986 as the effective date of its memorandum and separate entry of judgment. Thereafter Reid filed an appeal of the entry of the district court's *nunc pro func* order. The trustee in *Reid*

---

2. See, e.g., Fed.R.Bankr.P. 9021; 8001; 9001.

argued that the Supreme Court's decision in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117 55 L.Ed.2d 357 (1978) compelled the *Reid* court to conclude that *Reid* waived compliance with the separate document rule. As later explained, the trustee misinterpreted the *Mallis* case and, in fact, that case was inapplicable to *Reid.*[3]

■ *Mallis* does, however apply to the *case subjudice.* As articulated in *Reid,* *Mallis* stands for the premise that the parties to an appeal may waive the entry of judgment and thus allow an appellate court to confer jurisdiction over an appeal despite the absence of a separate document. Thus, *Mallis* sets forth the precedent to be followed by this Court in the case at bar. The *Mallis* court held that it and the Court of Appeals had jurisdiction despite the failure to enter a separate document. The Supreme Court stated:

> In *United States v. Indrelunas* [citation omitted], we recognized that the separate-document rule must be "mechanically applied" in determining whether an appeal is timely. Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought. The need for certainty as to the timeliness of an appeal, however should not prevent the parties from waiving the separate-judgment requirement where one has accidently not been entered. As Professor Moore notes, if the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, 'there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment. [I]t must be remembered that the rule is designed to simplify and make certain the matter of appeal ability. It is not designed as a trap for the inexperienced ... The rule should be interpreted to prevent loss of the right

to appeal, not to facilitate loss.' *Id.* at 384, 98 S.Ct. 1117.

The decision in *Mallis* was based upon a three prong test.

1) Whether the District Court clearly established its intent that the opinion represented the final decision in the case;

2) The judgment of dismissal was properly recorded on the clerk's docket, and

3) The appellee from the district court had not objected to perfecting the appeal from that order.

■ The court in *Mallis* simply carved out a narrow exception to the *Indrelunas* doctrine, that the failure of a court to comply with the separate document principle of Rules 58 & 79(a) does not necessarily jeopardize the appellant's appeal. The omission could be considered waived. The court concluded in *Mallis* that if confusion is created which may essentially sabotage appellate jurisdiction, the separate document requirement should continue to be ***mechanically applied,*** as in the case at bar. Here, the United States objects to the non-compliance of the separate judgment requirement and strenuously argues that the appeal time has not begun to run due to the non-entry of a separate final judgment. The IRS' objection clearly disavows an agreement to waive said entry.

### Conclusion

Accordingly, this Court will hereby enter a separate entry of judgment and the IRS will have 10 days from its entry to appeal.

### IT IS SO ORDERED.

### *JUDGMENT*

This Court is presented with Creditor IRS' motion for entry of final order, or in the alternative a motion to extend time for appeal pursuant to an order from this Court granting summary judgment in fa-

---

**3.** *In re White Motor Corp.,* 65 B.R. 383 (N.D.Ohio 1986).

vor of Debtors Joseph and Linda Yurkanin.

This Court issued an Order Granting Debtors' Motion for Summary Judgment requiring the release of liens against Debtors' property and denying Defendant's Motion for Summary Judgment on August 1, 1997. After the entry of the order on or about August 7, 1997, Debtor contacted the IRS in an effort to determine why the IRS had not complied with the order of this Court, the IRS expressed surprise that the order had been entered.

In accordance with *Reid v. White*, 886 F.2d 1462, this Court hereby orders the release of liens consistent with this Court's order granting Debtor's motion for summary judgment effective as of the date of the entry of this order.

**IT IS SO ORDERED.**