No. 85–2107.   AMOCO OIL CO. *v.* JIM HEILIG OIL & GAS, INC.,
ET AL.   C. A. 6th Cir.   Certiorari denied.

JUSTICE BLACKMUN, with whom JUSTICE O'CONNOR joins,
dissenting.

This case concerns an application of the "separate document" re-
quirement for judgments contained in Rule 58 of the Federal
Rules of Civil Procedure.[1]   I dissent from the denial of certiorari
because I am persuaded that the United States Court of Appeals
for the Sixth Circuit misconstrued our prior cases having to do
with the requirement.

Petitioner Amoco Oil Co. took an appeal from an order issued
by the Bankruptcy Court for the Eastern District of Michigan.
On May 21, 1985, the District Court affirmed the Bankruptcy
Court's ruling by a memorandum and order consisting of a single
document.   Petitioner moved for reconsideration.   The motion
was denied on June 28 in a similar single-document memorandum
and order.[2]

On July 25, 1985, Amoco filed a notice of appeal with the Court
of Appeals for the Sixth Circuit.   That court issued an order di-
recting Amoco to show cause why the appeal should not be dis-
missed.   It suggested that, because the District Court had issued

---

[1] Rule 58 reads in its entirety:

"Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury,
or upon a decision by the court that a party shall recover only a sum certain
or costs or that all relief shall be denied, the clerk, unless the court otherwise
orders, shall forthwith prepare, sign, and enter the judgment without await-
ing any direction by the court; (2) upon a decision by the court granting other
relief, or upon a special verdict or a general verdict accompanied by answers
to interrogatories, the court shall promptly approve the form of the judgment,
and the clerk shall thereupon enter it.   *Every judgment shall be set forth on
a separate document.   A judgment is effective only when so set forth and
when entered* as provided in Rule 79(a).   Entry of the judgment shall not be
delayed for taxing of costs.   Attorneys shall not submit forms of judgment
except upon direction of the court, and these directions shall not be given as a
matter of course."   (Emphasis supplied.)

[2] Inasmuch as the motion for reconsideration was untimely, it is not clear
why the District Court entertained it.   See Fed. Rule Civ. Proc. 59(e).   In
any event, because of its untimeliness, the motion would not have tolled the
time for Amoco's appeal had there been no Rule 58 problem with the District
Court's original memorandum opinion and order.   See Fed. Rule App. Proc.
4(a)(4).

its initial memorandum opinion and order on May 21, Amoco's filing would be 35 days late under Federal Rules of Appellate Procedure 4(a) and 26(a). App. to Pet. for Cert. C-1. In response, Amoco contended that, rather than being untimely, its appeal actually was premature, given that the District Court had never entered a judgment separate from the May 21 memorandum and order as Rule 58 requires. The Court of Appeals rejected this contention. It observed that in *Bankers Trust Co.* v. *Mallis*, 435 U. S. 381 (1978) *(per curiam)*, this Court had adopted a commonsense, rather than a technical, approach to the requirements of Rule 58 so long as no party was misled. App. to Pet. for Cert. D-1. The Court of Appeals further noted that Amoco's motion for reconsideration of the May 21 memorandum and order demonstrated that Amoco considered that opinion to be the final decision. Accordingly, the court concluded: "The mere technicality that the district court failed to file a separate judgment should not be used to give jurisdiction to this Court of an untimely filed appeal in which the parties were not misled by the lack of a separate judgment." *Id.*, at D-1 to D-2.

Rule 58 provides in pertinent part: "Every judgment shall be set forth on a separate document." See n. 1, *supra*. The genesis and purpose of this "separate document" requirement, which was added to Rule 58 by amendment in 1963, are explained in the Advisory Committee Notes. Prior to the amendment difficulties had arisen in situations where a court had "written an opinion or memorandum containing some apparently directive or dispositive words, *e. g.*, 'the plaintiff's motion [for summary judgment] is granted.'" 28 U. S. C. App., p. 627. At times court clerks had viewed these documents as a sufficient basis for entering a judgment. Problems occasionally arose, however, when the documents did not provide all the necessary elements of the judgment or when the court later would issue a formal judgment. Parties were thus uncertain as to when the judgment was effective and as to when the time began to run for purposes of filing postjudgment motions and appeals. The Advisory Committee observed: "The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." *Id.*, at 628.

This Court already has been concerned with the interpretation of Rule 58. In *United States* v. *Indrelunas*, 411 U. S. 216 (1973)

*(per curiam)*, it was faced with a situation where, although a docket entry had been made on March 21, 1969, which noted jury verdicts in favor of respondent and another against the Government, the formal judgment specifying the amount of the verdicts was not entered until February 25, 1971. The Court of Appeals for the Seventh Circuit dismissed the Government's appeal, filed after the 1971 entry, as untimely. This Court reviewed the history of the 1963 amendment to Rule 58 and cited with approval Professor Moore's remark that the Rule constituted "'a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective.'" *Id.*, at 220 (quoting 6A J. Moore, Federal Practice §58.04[4.–2], p. 58–161 (1972)). It also concluded that the appeal taken and abandoned by the Government during the time between the docketing of the jury verdict and the entry of judgment was not an appropriate part of the Rule 58 inquiry. It noted simply that "whatever may be the appropriate sanctions available in a particular case for capricious conduct on the part of a litigant, we do not believe that a case-by-case tailoring of the 'separate document' provision of Rule 58 is one of them." 411 U. S., at 221. Accordingly, it concluded that the mechanical application of Rule 58, as advocated by Professor Moore, was appropriate and required reversal of the Court of Appeals' judgment.

In *Bankers Trust, supra,* the Court returned to the separate-document matter. There the Court of Appeals for the Second Circuit had proceeded to a consideration of the merits of an appeal even though it could find no document appearing to be a judgment of the District Court. See *id.,* at 382. The Court of Appeals based its decision on the fact that the District Court and the parties assumed that the dismissal had been adjudicated. *Ibid.* We approved that conclusion. We first observed that the major purpose behind the separate-document requirement was to clarify when the time for an appeal begins to run. Citing the remarks of the Advisory Committee mentioned above, we further noted that the separate-document requirement was aimed particularly at "avoid[ing] the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Id.,* at 385.

We could not see, however, how the purpose of Rule 58 or the concerns of the Advisory Committee would be served in that case by depriving the Court of Appeals of jurisdiction because of the absence of a separate document. If the court were to lose jurisdiction for this reason, then "[u]pon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." *Ibid.* While observing that "[t]echnical application" of Rule 58 would be necessary in a situation similar to the one in *Indrelunas* to avoid a party's uncertainty as to when to bring an appeal, we concluded that the rule "should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered." 435 U. S., at 386. In this respect, we cited another remark of Professor Moore: " '[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced. . . . The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.' " *Ibid.* (quoting 9 J. Moore, Federal Practice ¶ 110.08[2], pp. 119–120 (1970)).

These two decisions, I believe, are to be read to support the following proposition: the separate-document requirement must be applied mechanically in order to *protect* a party's right of appeal, although parties may waive this requirement in order to maintain appellate jurisdiction of their case. Cf. 6A J. Moore, J. Lucas, & G. Grotheer, Moore's Federal Practice ¶ 58.02.1, p. 58–22 (2d ed. 1986). The fundamental error of the Court of Appeals in this case, therefore, was to employ Amoco's purported waiver to *defeat* its appeal. Amoco's filing for reconsideration might well have signaled its recognition that the May 21 order was indeed the final judgment. As the Court made clear in *Indrelunas*, however, while relevant to the question of sanctions, a party's conduct is irrelevant to the application of Rule 58 unless it serves to *maintain* the right of appeal. Given that a finding of waiver in this case results in Amoco's loss of its right of appeal, then, under our earlier decisions in *Indrelunas* and *Bankers Trust*, Rule 58 should have been applied mechanically. The Court of Appeals should have dismissed the purported appeal and directed the District Court to enter a final judgment, from which a proper appeal could lie. Accordingly, I would grant certiorari and reverse the judgment of the Court of Appeals.