I am unpersuaded by these arguments. The fact that petitioner did not raise a *Booth* claim below rather obviously reflects the fact that *Booth* had not been handed down at the time. Petitioner should not be penalized for not being prescient. As for the Nevada court's second ground for rejecting petitioner's appeal, I believe that the issue whether *Booth* should have retroactive operation very much warrants this Court's attention. The abusive use by the prosecutor in this case of references to victim impact — information we held in *Booth* to be thoroughly irrelevant in capital sentencing proceedings, see 482 U. S., at 502–509 provides a graphic illustration of the harm done by decisions, like the one below, allowing *Booth* to be applied only prospectively.

No. 88–845. BIBB ET UX. *v.* UNITED STATES, 488 U. S. 1010;

No. 88–5271. EATON *v.* LOUISIANA, 488 U. S. 1019;

No. 88–5600. GILLIARD *v.* SCROGGY, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL., 488 U. S. 1019;

No. 88–5670. LONCHAR *v.* GEORGIA, 488 U. S. 1019;

No. 88–5785. O'LEARY *v.* YARMOSKY, 488 U. S. 999; and

No. 88–5920. BURGEST *v.* GEARINGER, WARDEN, 488 U. S. 1016. Petitions for rehearing denied.

No. 87–1896. ROSENTHAL *v.* STATE BAR OF CALIFORNIA, 488 U. S. 805 and 987. Motion of appellant for leave to file second petition for rehearing denied.

MARCH 6, 1989

No. 87–1860. MILLIKEN ET AL. *v.* MICHIGAN ROAD BUILDERS ASSN., INC., ET AL. Affirmed on appeal from C. A. 6th Cir.

No. 88–977. COLORADO-UTE ELECTRIC ASSN., INC., ET AL. *v.* PUBLIC UTILITIES COMMISSION OF COLORADO ET AL. Appeal