**Patrick T. REID, Plaintiff–Appellant,**

**v.**

**WHITE MOTOR CORPORATION; John T. Grigsby, Jr., Disposition Assets Trustee for White Motor Corporation, Defendants–Appellees.**

No. 87–4066.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 10, 1989.

Decided and Filed Sept. 28, 1989.

Rehearing and Rehearing En Banc
Denied Nov. 14, 1989.

Patrick R. Hogan, Lansing, Mich., Donald J. Hutchinson, Miller, Canfield, Paddock & Stone, Detroit, Mich., Robert F.

Wardrop II, Grand Rapids, Mich., argued, for plaintiff-appellant.

David C. Weiner, Patricia A. Hemann, argued, Lester W. Armstrong, Hahn, Loeser & Parks, Richard Gurbst, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants-appellees.

Before KRUPANSKY and WELLFORD, Circuit Judges, and JOINER, Senior District Judge.*

KRUPANSKY, Circuit Judge.

Plaintiff-appellant, Patrick T. Reid (Reid), has appealed from the district court's grant of summary judgment in favor of defendant-appellee, John Grigsby, Jr., Trustee for White Motor Corporation (Trustee).[1] Reid initiated this action by filing a class proof of claim on behalf of former employees of White Motor Corporation (WMC) in bankruptcy proceedings which had been commenced by WMC. The record disclosed the following facts.

On August 16, 1971, WMC sold its Diamond Reo Truck Division to Diamond Reo Trucks, Inc. (Diamond Reo). All employees of WMC's Diamond Reo Truck Division were retained by Diamond Reo following the sale. Subsequently, on February 21, 1977, Reid, a Michigan attorney, filed an action on behalf of his client, Jerry A. Burch (Burch), seeking class certification in the Michigan Circuit Court for the County of Ingham against WMC on behalf of former WMC salaried employees in which Burch and the putative class members sought severance pay arising out of WMC's sale of Diamond Reo Truck Division to Diamond Reo. *Burch v. White Motor Corp.*, Case No. 77–19932 CK (Mich.Circuit Ct., Ingham County 1977). On August 5, 1977, the Michigan circuit court certified the case as a class action (hereinafter referred to as the *Burch* class).

On September 4, 1980, WMC filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio. As a result of the bankruptcy proceedings, the automatic stay provisions of Bankruptcy Code Section 362 enjoined all pending legal actions against WMC including the *Burch* lawsuit which was eventually dismissed by the Michigan circuit court on July 12, 1983 for failure to prosecute.

On September 3, 1981, Reid, as the purported agent of the *Burch* class, filed a general unsecured proof of claim (claim no. 188) in WMC's bankruptcy proceeding asserting entitlement to severance pay in the amount of $1,743,233, which was subsequently amended to $3,097,791. Apart from his unilateral assertion of fiduciary status, Reid provided no confirmation of his agency or authority to act on behalf of the members of the *Burch* class in the WMC bankruptcy proceeding. Appended as "Attachment A" but not incorporated by reference into the proof of claim filed by Reid was a list of unidentified names, juxtaposed by dollar amounts. The named individuals were not identified as former employees of the Diamond Reo Truck Division of WMC or as members of the *Burch* class. Additionally, Reid failed to petition the bankruptcy court, pursuant to bankruptcy rule 9014, to invoke bankruptcy rule 7023, which mandated the procedure to be implemented in processing class proofs of claim in all bankruptcy proceedings. Individual proofs of claim were never filed by the individuals named in Appendix A of Reid's filed proof of claim.

After the bar date of August 30, 1983, fixed by the bankruptcy court for filing proofs of claim, the Trustee, on September 30, 1983, filed an objection to Reid's proof of claim and thereafter, on November 6, 1984, filed a motion for summary judgment. In his motion for summary judgment, the Trustee asserted that:

1. A class proof of claim is inconsistent with the bankruptcy rule 3002 man-

---

* Hon. Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Pursuant to the modified plan of reorganization confirmed by the bankruptcy court on November 18, 1983, the Trustee, John T. Grigsby, Jr., was appointed the successor in interest to White Motor Corp. for the purpose of objecting to claims filed in the bankruptcy proceedings.

dating the filing of individual proofs of claim;

2. Fed.R.Civ.P. 23 is not automatically invoked and may be implemented only by authority of the bankruptcy court upon a petitioner's duly filed motion;

3. Fed.R.Civ.P. 23 could not be applied to Reid's pending claim as a matter of law because (a) he was not a member of the class or duly authorized representative; (b) he failed to satisfy the procedural requirements of Bankruptcy Rules 9014 and 7023; and (c) the class claim was not adjudged superior to the claim process provided by the Bankruptcy Rules; and

4. The absent class members were barred from filing individual claims over one year after the claims bar date had passed.

Reid opposed the motion for summary judgment and argued that because the class had already been certified in the Michigan circuit court, the Trustee was collaterally estopped from contesting the class certification in the bankruptcy court. Additionally, Reid submitted an affidavit attesting that he was the attorney appointed by the Michigan circuit court to represent the purported class of former employees of WMC's Diamond Reo Truck Division.

On June 20, 1985, the bankruptcy court granted summary judgment in favor of the Trustee. The bankruptcy court decided that (1) class proofs of claim cannot be used to circumvent the requirement of Bankruptcy Rule 3003 mandating the filing of individual proofs of claim; (2) class proofs of claim are disfavored in bankruptcy; (3) Reid did not comply nor did he attempt to comply with proper procedures to certify the class in this bankruptcy proceeding mandated by Bankruptcy Rule 9014; (4) Reid was not a creditor, and thus, could not maintain the proof of claim which he filed in his own right; (5) Reid had failed to prove that he was authorized to act on behalf of the putative class; and (6) Reid had failed to show cause why the bar deadline for filing proofs of claim should be extended to permit the filing of individual proofs of claim.

Although the bankruptcy court filed its memorandum opinion on June 20, 1985, it failed to file a separate entry of judgment as required by Bankruptcy Rule 9021, the counterpart to Fed.R.Civ.P. 58. To date, no separate entry of judgment complying with Bankruptcy Rule 9021 has been filed in the bankruptcy court.

On July 22, 1985, thirty-two days after the bankruptcy court granted summary judgment, Reid filed the following three motions: (1) a motion for reconsideration; (2) a motion, pursuant to Rule 9014, to apply Rule 7023 to the contested proceeding; and (3) a motion to consider claim no. 188, the claim Reid filed, as properly filed by individuals of the *Burch* class, and/or an amendment of the filed claim or motion to permit the filing of late individual proofs of claim. The bankruptcy court, on September 11, 1985, denied Reid's motion for reconsideration because it "merely reiterate[d] the arguments previously presented in opposition to the motion for summary judgment and fails to substantiate the relief sought." The bankruptcy court further concluded that neither the application of Bankruptcy Rule 7023, nor an amendment of the claim, would be effective because Reid's proof of claim had been disallowed. Finally, the bankruptcy court noted that Reid had presented no viable reason to extend the bar date in order to permit the members of the *Burch* class to file individual proofs of claim.

On September 20, 1985, Reid appealed the bankruptcy court's June 20, 1985 order of summary judgment and the September 11, 1985 order denying his three post-judgment motions. On June 30, 1986, the district court affirmed the bankruptcy court's decision in all respects. *In Re White Motor Corp.,* 65 B.R. 383 (N.D.Ohio 1986). The district court dismissed Reid's appeal from the June 20, 1985 order granting summary judgment as untimely filed. The district court also determined that the bankruptcy court did not abuse its discretion in denying Reid's remaining postjudgment motions. However, the district court's

June 30, 1986 memorandum and its separate entry of judgment were erroneously recorded by the clerk of courts on the docket of Case No. C82–3209,[2] another matter involving WMC, rather than to the correct docket of Case No. C85–3318. As a result of the error, Reid never received actual notice of the filing of the district court's memorandum and separate entry of judgment.

On October 3, 1987, sixteen months after the entry of the June 30, 1986 order, Reid contacted the district court to determine the status of his appeal. It was at this time the district court discovered the clerical errors on the docket entries. As a result, on October 30, 1987, the district court entered a *nunc pro tunc* order on the docket of Case No. C85–3318 declaring June 30, 1986 as the effective date of its memorandum and separate entry of judgment. Reid thereafter filed this appeal, on November 25, 1987, within thirty days of the entry of the district court's *nunc pro tunc* October 30, 1987 order.

■ Initially, this court is confronted with jurisdictional challenges resulting from both the bankruptcy and district courts' judgments. First, the Trustee has charged that Reid's appeal to this court was untimely, because Reid had failed to commence his appeal from the district court's final order of June 30, 1986 within the thirty-day time frame mandated by Federal Rules of Appellate Procedure 4(a)(1).[3] The Trustee urged that Reid's appeal was filed on November 25, 1987, sixteen months after the June 30, 1986 order.

Consequently, the Trustee in his appellate brief and in pre-argument motions has asserted that this court lacked jurisdiction to entertain Reid's instant appeal.

An appeal must be commenced "from a district court to the court of appeals ... within thirty days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1); *see also Peake v. First National Bank and Trust Co.*, 717 F.2d 1016, 1018 (6th Cir.1983); *Equal Employment Opportunity Comm'n v. K-Mart Corp.*, 694 F.2d 1055 (6th Cir.1982). The thirty day time period commences when the district court complies with Fed.R.Civ.P. 58 and 79(a). Fed.R.App.P. 4(a)(6).[4] Rule 58 provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective *only* when set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58 (emphasis added). Rule 79(a),[5] in turn, mandates that all orders shall be entered by the clerk of courts on the civil docket book corresponding to the case number assigned to such lawsuit.

Addressing the standards imposed by Rules 58 and 79(a), this court's attention is directed to the pronouncements of the Supreme Court in *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973)(per curiam), wherein it stated that Rules 58 and 79(a), which mandate a separate entry of judgment to be recorded in the lawsuit's corresponding civil docket, must be "mechanically" applied to avoid uncertainty as to when a judgment becomes effective for appellate review.

> (6) A judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.

**2.** Case No. C82–3209 was an adversary proceeding which also arose in the WMC bankruptcy. The matter was entitled *Hanse et al. v. White Farm Equipment Co. et al.*

**3.** Fed.R.App.P. 4(a)(1) provides in pertinent part:
  (a) Appeals in Civil Cases.
   (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

**4.** Fed.R.App.P. 4(a)(6) provides:

**5.** Fed.R.Civ.P. 79(a) provides in pertinent part:
  All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made.

The reason for the "separate document" provision is clear from the notes of the advisory committee of the 1963 amendment [of Rule 58]. Prior to 1963, there was considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty. To eliminate these uncertainties, which spawned protracted litigation over a technical procedural matter, Rule 58 was amended to require that a judgment was to be effective only when set forth on a separate document.

*Id.* at 220, 93 S.Ct. at 1564 (citations omitted). The thirty day time period in which to commence an appeal does not accrue until the district court has filed an entry of judgment set forth on a separate document in the civil docket. The Court explicitly rejected the notion of "case-by-case tailoring of the 'separate document' provision." *Id.* at 221, 93 S.Ct. at 1565. *See also Cloyd v. Richardson,* 510 F.2d 485 (6th Cir.1975) (per curiam) (strict compliance with the requirements of Rule 58 and 79(a) is mandatory); *In re Kilgus (Reichman v. United States Fire Insurance Co.),* 811 F.2d 1112, 1117 (7th Cir.1987) ("The more mechanical the application of a jurisdictional rule, the better.").

The Trustee, however, argued that the Supreme Court's decision in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam), compels this court to conclude that Reid has waived compliance with the separate document rule. The Trustee has misinterpreted *Mallis.* In *Mallis,* the district court had, in violation of Rule 58, failed to set forth on a separate document an entry of judgment. The appellant, however, had filed an appeal from the district court's memorandum within thirty days on the assumption that there had been compliance with Rule 58 and 79(a) by the district court. The Supreme Court concluded that it and the court of appeals had jurisdiction despite the technical defect of the separate document requirement. The Supreme Court stated:

In *United States v. Indrelunas,* we recognized that the separate-document rule must be "mechanically applied" in determining whether an appeal is timely. Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought. The need for certainty as to the timeliness of an appeal, however, should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered. As Professor Moore notes, if the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, "there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment. *[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced.... The rule should be interpreted to prevent loss of the right to appeal, not to facilitate loss."*

*Mallis,* 435 U.S. at 386, 98 S.Ct. at 1120–1121 (citations and footnote omitted) (emphasis added).

The Supreme Court anchored its decision on three factors. First, the "District Court clearly evidenced its intent that the opinion ... represent[ed] the final decision in the case." *Id.* at 387, 98 S.Ct. at 1121. Second, the judgment of dismissal was properly recorded on the clerk's docket. And, finally, the appellee from the district court had not objected to perfecting the appeal from that order. *Id.* at 387, 98 S.Ct. at 1121. Accordingly, the Supreme Court fashioned a narrow modification of the *Indrelunas* doctrine. Where the failure of the district court to comply with the separate document principle of Rules 58 and 79(a) did not jeopardize the appellant's appeal, the Court concluded that the error could be considered waived. However, the Court reaffirmed the doctrine that under the circumstances where the failure to comply with the separate document rule has created confusion which sabotages appellate jurisdiction, the separate document requirement should continue to be mechani-

cally applied. *Id.* at 387, 98 S.Ct. at 1121. *See also Parisie v. Greer*, 705 F.2d 882, 891 (7th Cir.) (en banc) (Eschbach, J.) ("*Mallis* reaffirmed the holding in *Indrelunas* that 'the separate document rule must be "mechanically applied" *in determining whether an appeal is timely.*' ") (quoting *Mallis*, 435 U.S. at 386, 98 S.Ct. at 1120) (emphasis in original), *cert. denied*, 464 U.S. 950 [104 S.Ct. 366, 78 L.Ed.2d 326] (1983); *In re Seiscom Delta, Inc. (Seiscom Delta, Inc. v. Two Westlake Park)*, 857 F.2d 279, 282 (5th Cir.1988) ("[T]he Court [*in Mallis*] drew a careful distinction between (i) the court of appeals' *jurisdiction* to entertain an appeal where the parties obviously waived the separate-document requirement by considering the judgment final, and (ii) cutting off a party's right to appeal where the party has not waived the separate-document requirement.") (emphasis in original); *In re Ozark Restaurant Equipment Co., Inc.*, 761 F.2d 481 (8th Cir.1985) (same); *Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*, 479 U.S. 966, 107 S.Ct. 468, 93 L.Ed.2d 413 (1986) (Blackmun, J., dissenting from denial of certiorari) ("[T]he separate-document requirement must be applied mechanically in order to *protect* a party's right of appeal, although parties may waive this requirement in order to maintain appellate jurisdiction.") (emphasis in original); *accord Beukema's Petroleum Co. v. Admiral Petroleum Co.*, 613 F.2d 626 (6th Cir.1979).

Applying the Supreme Court's mandate in *Indrelunas* and *Mallis* to the case at bar, the district court's June 30, 1986 order could not operate as the final order from which an appeal was required to be taken. In contrast to *Mallis*, the clerk of the district court in the instant case entered the district court's June 30, 1986 memorandum and entry of judgment on the wrong docket, recording the judgment on the civil docket of Case No. C82–3209 rather than the correct docket of Case No. C85–3318. Reid never received notice from the district court of the June 30, 1986 order. Upon the detection of the error by Reid, the district court on October 30, 1987 corrected the mistake by logging the memorandum order and separate entry of judgment in the cor-rect docket and, accordingly, fulfilled the requirements of Rules 58 and 79(a) at that time. *Indrelunas* and *Mallis* dictate that Rules 58 and 79(a) should be applied to protect the right of an appeal. As unequivocally stated by the Court in *Mallis*, "[Rules 58 and 79(a)] should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Mallis*, 435 U.S. at 386, 98 S.Ct. at 1121. Consequently, Reid's thirty-day period in which to perfect an appeal to this court commenced to accrue on October 30, 1987, the date the district court finally complied with Rules 58 and 79(a).

The Trustee's argument that since the district court's October 30, 1987 order was designated as *nunc pro tunc*, the effective date for accruing the appellate period was June 30, 1986 and not October 30, 1987, is misplaced. The teachings of *Indrelunas* and *Mallis* preclude a district court from impeding an appellant's right to an appeal by resorting to *nunc pro tunc* entries. *See, e.g., In re D'Arcy*, 142 F.2d 313 (3d Cir.1944). In *D'Arcy*, the district court, on June 18, 1943, entered a memorandum dismissing the plaintiff's action; however, the district court failed to issue a separate entry of judgment. On February 10, 1944, the district court, upon learning of its mistake, entered the missing entry of judgment on the docket. The district court attempted to date the effect of the February 10, 1944 order back to June 18, 1943, and thereby abrogate plaintiff's appeal. The court held that the district court's attempt to date its entry of judgment back to the original filing date of the memorandum was improper. *Id.* at 315. The court stated that:

> since under Civil Procedure Rule 58 [the district court's order] could not be effective prior to its entry, it is clear that the attempt of the court to date the order back to the time of the filing of its opinion was wholly ineffective to deprive the appellant of its right to appeal.

*In re D'Arcy*, 142 F.2d at 315.

In the case at bar, the district court improperly attempted to retroactively date its final judgment entry of October 30, 1987 to June 30, 1986 thereby depriving

Reid of his appeal. The thirty-day period to appeal commenced to accrue on October 30, 1987, the date the district court corrected its error by properly docketing the entry of judgment. Accordingly, since Reid commenced the instant appeal on November 25, 1987, which was within the thirty-day period, his appeal to this court was timely filed.

■ In the event that this court should consider the instant appeal to this court as timely, the Trustee has urged, in the alternative, that the district court's decision, which dismissed Reid's appeal from the bankruptcy court as untimely, should be affirmed. The bankruptcy court on June 20, 1985 entered an opinion dismissing Reid's class proof of claim; however, the bankruptcy court failed to file a separate entry of judgment pursuant to Bankruptcy Rule 9021.[6] As a result of the bankruptcy court's oversight, Reid failed to commence an appeal to the district court within 10 days of the bankruptcy court's June 20, 1985 order as required by Bankruptcy Rule 8002. The appeal was not perfected until September 20, 1985. Reid's appeal was subsequently dismissed by the district court as untimely. Neither party was aware of the bankruptcy court's failure to journalize its June 30, 1985 order; at least the issue was not argued on the appeal from the bankruptcy court to the district court. On appeal to this court, Reid, citing *Indrelunas*, argued for the first time that the district court had erred in dismissing his appeal since his appeal time had not commenced to accrue because of the bankruptcy court's failure to file a separate entry of judgment.

■ Reid's argument is well taken. Bankruptcy Rule 9021 requires that a judgment becomes effective to activate the accrual of appeal time only when a separate entry of judgment is recorded in the docket pursuant to Bankruptcy Rule 5003. A bankruptcy court is required to set forth on a separate document every judgment which

is entered in an adversary proceeding or contested matter, and the court's clerk is to enter that separate document of the bankruptcy case. *In re Ozark Restaurant Equipment Co., Inc.,* 761 F.2d 481 (8th Cir.1985); *Stepflug v. Federal Land Bank,* 790 F.2d 47 (7th Cir.1986). The separate document rule of Bankruptcy Rule 9021 is identical to that of Fed.R.Civ.P. 58. *In re Seiscom Delta, Inc. (Seiscom Delta, Inc. v. Two Westlake Park),* 857 F.2d 279, 285 (5th Cir.1988); *In re Kilgus (Reichman v. United States Fire Insurance Co.),* 811 F.2d 1112, 1117 (7th Cir.1987) (Bankruptcy Rule 9021 is applied in the same manner as Rule 58). *See generally* 9 L. King, *Collier on Bankruptcy,* ¶ 9021.03–.04 at 9021–3 (15th ed.1987). In the case at bar, since a separate document entering judgment had never been filed by the bankruptcy court even to date, it is patently clear that Rule 9021 was not initially satisfied. Consequently, the district court erred in dismissing Reid's appeal as untimely.

Although the bankruptcy court had failed to comply with Rule 9021, the oversight does not divest this court of its jurisdiction to entertain Reid's instant appeal. The pronouncements of *Mallis* recognize that prevailing circumstances in a given case could result in the waiver of the Rule 58 mandate. "If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." *Mallis,* 435 U.S. at 385, 98 S.Ct. at 1120 (footnote omitted); see also *Allah v. Superior Ct. of California,* 871 F.2d 887, 890 n. 1 (9th Cir.1989) (Court of Appeals mechanically applied Rule 58 to save appeal but waived formalistic remand because parties had failed to object to absence of separate judgment.); *Parisie,* 705 F.2d at 890 (Eschbach, J.) (A

---

**6.** Bankruptcy Rule 9021 provides:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these Rules.

court confronted with a technically premature appeal because a separate entry of judgment had not been filed may consider the appeal without the necessity of a formalistic remand.); *accord Falls Stamping & Welding v. International Union, UAW*, 744 F.2d 521, 526 (6th Cir.1984). Since Reid and the Trustee proceeded through the district court as if the separate document requirement had been satisfied by the bankruptcy court, the failure to have complied with Rule 9021 was waived thereby eliminating any need for a formalistic remand of this action to the bankruptcy court for entry of a separate document of entry of judgment. To conclude otherwise would result in an undue delay in a case which has already been in litigation for approximately nine years.[7]

In his September 20, 1985 appeal to the district court from the bankruptcy court's June 20, 1985 order granting summary judgment in favor of the Trustee and September 9, 1985 order denying his motion for reconsideration, Reid joined as issues in that appellate proceeding the propriety of the class proof of claim. Reid, on appellate review, has again argued that his class proof of claim had been improperly denied. Reid has urged that, although class actions are generally disfavored in bankruptcy proceedings, they are permitted by the bankruptcy code within the discretion of the bankruptcy judge. Reid's analysis is partially correct.

■ Although there is a conflict between the reported decisions considering the permissibility of a class proof of claim in bankruptcy proceedings, *see, e.g., In re Great Western Cities, Inc. of New Mexico*, 88 B.R. 109, 112 (Bankr.N.D.Tex.1988) (and cases cited therein), the more equitable resolution was recently enunciated by the Seventh Circuit in *In re American Reserve*, 840 F.2d 487 (7th Cir.1988) which endorsed the filing of a class proof of claim. *See also In re The Charter Co. (Certified Class in the Charter Securities Litigation v. The Charter Co.)*, 876 F.2d 866 (11th Cir.1989); Wolfson, *Class Actions In Bankruptcy: A Clash Of Policies Reconciled*, 5 Bankruptcy Dev.J. 391 (1988) (advocating that the various policies underlying class actions and bankruptcy proceedings sanction the filing of a class proof of claim).

In *American Reserve*, the claimants were insurance policyholders of the debtor. The claimants filed a proof of claim in the debtor's bankruptcy proceedings for themselves and all other defrauded policyholders who had purchased insurance policies from the debtor between 1977 and 1979. The court in *American Reserve* noted that Bankruptcy Rule 7023 expressly provided that "Rule 23 Fed.R.Civ.P. applies in adversary proceedings." The court further explained that Bankruptcy Rule 9014, which applies to contested matters in bankruptcy proceedings, permits the bankruptcy court "at any stage in a particular matter [to apply] one or more of the other rules of Part VII," which would include Rule 7023, as it relates to class actions.[8] *American Reserve*, 840 F.2d at 488; *see also* Bankruptcy Rule 9014.[9] Accordingly, Rule 9014

---

**7.** Because the record in this case is complete and this court's only function is to determine and apply the correct legal standards to the propriety of Reid's filing a class proof of claim, there is no need for a remand to the district court to consider the merits of Reid's appeal. *See Michigan Road Builders Ass'n, Inc. v. Milliken*, 834 F.2d 583, 590 n. 6 (6th Cir.1987), *aff'd*, —— U.S. ——, 109 S.Ct. 1333, 103 L.Ed.2d 804 (1989).

**8.** The instant class proof of claim is a "contested matter," rather than an "adversary proceeding." "[T]he filing of an objection to a proof of claim ... creates a dispute which is a contested matter." Advisory Committee Note to Fed.R.Bankr.P. 9014. After a class proof of claim is filed, 11 U.S.C. 502(a) deems the claim allowed

unless objected to by a party in interest. That objection creates a contested matter for which the bankruptcy court is permitted, but not obligated, to direct that Fed.R.Bankr.P. 7023 apply. An adversary proceeding may only be initiated by complaint pursuant to Bankruptcy Rule 7003. Such proceedings are formal and the Federal Rules of Civil Procedure in their entirety, including the class action rules, apply to such proceedings. *See also* Bankruptcy Rule 7001.

**9.** Bankruptcy Rule 9014 provides:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is

authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed.R.Civ.P. 23, the class action rule, to "any stage" in contested matters, including, class proofs of claim.

Nor does the bankruptcy code preclude the application of the class action rules in a contested matter during a bankruptcy proceeding. Contrary to the Trustee's assertion and the bankruptcy court's conclusion, section 501 is not an exclusive list of situations where a person can file a proof of claim on behalf of a creditor. Section 501 authorizes the filing of a proof of claim by an agent in three situations: (1) by an indenture trustee on behalf of a bondholder; (2) a bankrupt's co-debtor or guarantor on behalf of a creditor; and (3) the debtor on behalf of a creditor. 11 U.S.C. § 501.[10] However, neither the 1978 Bankruptcy Code nor its legislative history suggests that the criteria of section 501 is exclusive. *American Reserve*, 840 F.2d at 492–493; *In re Retirement Builders, Inc.*, 96 B.R. 390, 392 (Bankr.S.D.Fla.1988) ("Section 501 is not meant to be an exclusive list and ... class action filings can be considered."). "Only a 'clear expression of congressional intent' terminates the ability to file representative actions under rule 23." *American Reserve*, 840 F.2d at 490 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979)).

Moreover, an interpretation that section 501 is an exclusive list of persons who are capable of filing a proof of claim on behalf of a creditor would eviscerate the meaning of two bankruptcy rules. First, Bankruptcy Rule 7023 which explicitly permits the utilization of a class action in an adversary proceeding in the bankruptcy court would be superfluous. *See American Reserve*, 840 F.2d at 493.

If § 501 prevents the class representative from prosecuting the claim on behalf of anyone who failed to file a proof-of-claim form ..., then there will never be a Rule 23 class action; there will only be a "spurious class action"; [sic] yet Bankruptcy Rule 7023 says that there are to be Rule 23 class actions in bankruptcy.

*Id.*, at 493. In addition, bankruptcy rule 3001(b)[11] which permits the filing of a proof of claim by an "authorized" agent, would also be meaningless if section 501 was strictly construed. *Id.*, at 493. Accordingly, considering the bankruptcy code and rules *in pari materia* clearly evinces the permissibility for filing a class proof of claim. Rule 9014 delegates wide discretion to the bankruptcy judge in considering certification of class proofs of claim pursuant to Rule 7023 in a contested matter.

■ In the case at bar, the bankruptcy court did not abuse its discretion in denying Reid's proof of claim on behalf of the former employees of WMC. Reid totally disregarded compliance with the bankruptcy procedures regulating the filing of class proofs of claim in a bankruptcy proceeding.

Reid failed to confirm his representative capacity to represent a class; he failed to

sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7062, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. Any entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The clerk shall give notice to the parties of the entry of any order directing that additional rules of Part VII are applicable or that certain of the rule of Part VII are not applicable. The notice shall be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedures made applicable by the order.

10. 11 U.S.C. 501 provides in pertinent part:

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

11. Bankruptcy Rule 3001(b) provides, in pertinent part:

A proof of claim shall be executed by the creditor of the creditor's authorized agent ...

identify the class he purportedly represented; and he failed to timely petition the bankruptcy court to apply the provisions of Rules 9014 and 7023. *In re GAC Corp. (Novak v. Callahan)*, 681 F.2d 1295, 1299 (11th Cir.1982) ("[Claimant] never filed a Rule 914 motion requesting that Rule 723 apply, and the bankruptcy court in its direction chose not to so direct. Thus, Rule 723 ... was never made applicable to the proceedings involved here, and in the absence of such application a class proof of claim could not properly be permitted.").[12] In sum, Reid ignored every mandatory requirement essential to filing a class proof of claim with the bankruptcy court.[13]

Moreover, Reid had no authorization designating him as a representative of the putative class. Under Fed.R.Civ.P. 23, the class representative must be a member of the class he claims to represent. Fed.R. Civ.P. 23; *General Telephone Co. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982). "A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Davis v. Ball Memorial Hosp. Ass'n, Inc.*, 753 F.2d 1410, 1420 (7th Cir.1985) (quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977)). "Stated another way, the plaintiff must have standing to represent the class." *In re W.T. Grant Co.*, 24 B.R. 421, 425 (Bankr.S.D.N.Y.1982). The individuals seeking class certification have the burden of proving that they are entitled to class certification. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). In the case at bar, Reid was not a member of the class of former employees of WMC's Diamond Reo Truck Division. Reid was merely an attorney who had offered his services to the putative class in order to prosecute their entitlement to severance pay against WMC. As such, Reid lacked standing to initiate this class action.

Reid, however, has argued that he was the authorized agent of the putative class and had filed the class proof of claim in accordance with Bankruptcy Rule 3001(b). Pursuant to Bankruptcy Rule 2019, a purported agent must file a verified statement with the clerk of the bankruptcy court. The statement must include a copy of the instrument, if any, whereby the agent is empowered to act on behalf of the creditors he is representing. *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986) (Rule 2019 requires that every person purporting to represent more than one creditor in a bankruptcy proceeding file a verified statement setting forth the names and addresses of the creditors, the nature and amount of the claims and the relevant facts and circumstances surrounding the employment of the agent.). Failure to comply with Rule 2019 is cause for denial of the proof of claim. *In re Baldwin United Corp.*, 52 B.R. 146, 148 (Bankr.S.D.Ohio 1985). Reid, who was an attorney representing the class and not a member of the class, has never filed a verified statement, pursuant to Rule 2019, with the clerk of the bankruptcy court delineating his authority to act as an agent for any purported class. His unilateral assertion of fiduciary status in his proof of claim was insufficient to satisfy the formal requirements of Rule 2019.

Moreover, Reid's argument that since he was authorized to represent the *Burch* class in the Michigan circuit court, he was subsequently authorized as an agent for the purported class in the instant action is less than persuasive. It is well-settled that consent to being a member or the representative of a class "in one piece of litiga-

---

**12.** Bankruptcy Rules 914 and 723 are equivalent to the current Bankruptcy Rules 9014 and 7023, respectively.

**13.** Reid's reliance on the Eleventh Circuit's recent decision of *In re The Charter Co.*, 876 F.2d at 873–76 for the proposition that he had timely filed a motion pursuant to Rule 9014 is misplaced. In *In re The Charter Co.*, the appellants had filed a motion pursuant to Rule 9014 to invoke Rule 7023 immediately after the trustee objected to their class proof of claim. In contrast, Reid filed a motion pursuant to Rule 9014, on July 22, 1985, after the bankruptcy court had granted the Trustee's motion for summary judgment dismissing Reid's purported class proof of claim.

tion is not tantamount to a blanket consent to any litigation the class counsel may wish to pursue." *In re Standard Metals Corp.,* 817 F.2d 625, 631 (10th Cir.1987), *modified on other grounds,* 839 F.2d 1383 (1988); *In re Manville Forest Products Corp.,* 89 B.R. 358, 376–77 (Bankr.S.D.N.Y.1988); *In re Baldwin United Corp.,* 52 B.R. 146, 149 (Bankr.S.D.Ohio 1985); *cf. In re Ross,* 37 B.R. 656, 658 (Bankr. 9th Cir.BAP 1984). Accordingly, the bankruptcy court was well within its discretion to dismiss Reid's class proof of claim since he has failed to elucidate his authority as agent for the WMC former employees.[14]

In conclusion, although the bankruptcy rules permit the filing of a class proof of claim, Reid blatantly failed to comply with the bankruptcy procedure to commence a class action. As a result, the bankruptcy court did not abuse its discretion in denying Reid's class proof of claim. This court has considered Reid's remaining assignments of error and considers them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED as MODIFIED.

WELLFORD, Circuit Judge, concurring in part and dissenting in part:

This is a difficult case procedurally, and the result reached works a hardship on the class represented by Mr. Reid. I am in complete agreement with the analysis reached that would preclude the district court from impeding a right to appeal through means of *nunc pro tunc* orders. (I am also in agreement that Reid's appeal was, under the circumstances, timely and that we have jurisdiction to entertain this appeal.)

I concur in the conclusion also that bankruptcy rules permit the filing of a proof of claim by an "authorized agent." I dissent

concerning the exercise of discretion by the bankruptcy court in denying Reid's proof of claim on behalf of others who were former employees of White Motor Corporation. He should, in my view, have granted Reid the right to file, or to amend, the proof of claim in order to permit these employees to proceed as a class action. It is true that Reid himself was not a member of the class he purported to represent, but the real question is whether he properly could be considered an authorized agent. I harbor the conviction that the bankruptcy court (and the district court) were guilty of a clear error in judgment in reaching the conclusion to deny the claim (or claims) based on Reid's agency status and in refusing to permit an amendment.

In that important respect, then, I depart from the opinion of my brothers and respectfully DISSENT.

---

**14.** Nor did the bankruptcy court abuse its discretion by not extending the bar date to allow the supposed class members to file individual proofs of claim. "The decision not to extend the bar date deadline is within the sound discretion of the [bankruptcy] judge." *Vancouver Women's Health Soc. v. A.H. Robins Co.,* 820 F.2d 1359, 1363 (4th Cir.1987). *See also In the*

*Matter of GAC Corp.,* 681 F.2d 1295, 1299 (11th Cir.1982) (Bankruptcy judge did not abuse discretion in not extending bar date when the purported class members had relied on their class proof of claim instead of filing individual proof of claims.). Accordingly, the bankruptcy court acted within its sound discretion by precluding the extension of the bar date.