**Tommie KLINE, Plaintiff–Appellant,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES; Indian Health Services, Defendants–Appellees.**

**No. 89–6205.**

United States Court of Appeals, Tenth Circuit.

March 6, 1991.

---

**4.** The present version of the local rule also provides thirty days for filing the demand. *See* W.D.Okla. R. 43(O)(4) and (P)(1) (1989).

Steven M. Angel, Oklahoma City, Okl., for plaintiff-appellant.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Timothy Leonard, U.S. Atty., Oklahoma City, Okl., and Leonard Schaitman and Jennifer H. Zacks, Attys., Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiff appeals from an order of the district court granting defendant's motion to dismiss which it construed as a motion for summary judgment.[1]

■ Defendant has moved to dismiss this appeal on the grounds that it is untimely. On July 20, 1988, the district court entered an order granting defendant's motion to dismiss. This order was properly entered on the docket. On May 5, 1989, the court entered judgment dismissing the action on the merits and ordering that defendant recover its costs. This order was also properly entered on the docket. On June 5, 1989, plaintiff filed her notice of appeal.

Defendant argues that the July 20, 1988 order met the requirements of Fed.R.Civ.P. 58[2] and was the final order in the case from which an appeal should have been taken. Therefore, plaintiff's notice of appeal was untimely. Conversely, plaintiff argues that the May 5, 1989 order was the final judgment in the case and met the separate document requirement of Rule 58.

"Rule 58 was substantially amended in 1963 to remove uncertainties as to when a judgment is entered...." *United States v. Indrelunas*, 411 U.S. 216, 219, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973). The amended rule established the requirement that a judgment is effective only when set forth on a separate document, *id.* at 220, 93 S.Ct. at 1564, thus, making "clear that a party need not file a notice of appeal until a separate judgment has been filed and entered." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978).

We have held that a district court order which contains no discussion of the reasoning behind the court's decision and cannot

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Fed.R.Civ.P. 58 provides in pertinent part:

> Subject to the provisions of Rule 54(b): (1) ... upon a decision by the court that ... all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.... Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

be considered to be an opinion or memorandum, is clearly intended to be the final directive of the court disposing of all the claims, and is properly entered on the docket, meets the requirements of Rule 58. *Laidley v. McClain*, 914 F.2d 1386, 1390 (10th Cir.1990).

The orders at issue present a close question. The district court's 1988 order meets the *Laidley* standard and would have been sufficient to provide jurisdiction had an appeal been taken. However, we are reluctant to hold that because such an order has been entered, the parties may not appeal from a *later* separate order which clearly meets the requirements of Rule 58. *See Indrelunas*, 411 U.S. at 221–22, 93 S.Ct. at 1565, (the rule is "a 'mechanical change' that must be mechanically applied"); *see also Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*, 479 U.S. 966, 969, 107 S.Ct. 468, 471, 93 L.Ed.2d 413 (1986) (Blackmun, J. dissenting from denial of certiorari) ("the separate-document requirement must be applied mechanically in order to *protect* a party's right of appeal") (emphasis in original).

Accordingly, we accept jurisdiction over this appeal.

■ Plaintiff worked as a dietician at the Carl Albert Indian Hospital. In January, 1984, defendant terminated plaintiff for failure to meet certain job requirements. Defendant's action was reversed by the Merit Systems Protection Board (MSPB), 25 MSPR 7, and plaintiff was reinstated in November, 1984. Plaintiff continued working until August, 1986, when she retired.

In October, 1984, plaintiff submitted an application for licensure with the Oklahoma State Board of Medical Examiners (OSBME). Plaintiff included the MSPB opinion with her application and signed an authorization releasing any information in defendant's "files or records requested by that board [OSBME] in connection with this application." Plaintiff received her license in May, 1985.

In her complaint, plaintiff alleged that in July, 1985, defendant violated the Privacy Act, 5 U.S.C. § 552a, by releasing documents regarding her competency from her personnel file to the OSBME at its request and by failing to insure that the records released were accurate, relevant, timely, and fair. Apparently based on those documents, a complaint was filed with the OSBME requesting a hearing regarding the alleged violations and seeking appropriate disciplinary action. Plaintiff's license was not revoked.

According to plaintiff's complaint, the documents released contained information gathered in connection with plaintiff's 1984 termination. Plaintiff authorized the release of those documents for purposes of the licensing procedure. She also included a copy of the MSPB opinion, which referred to the information, with her licensure application. Therefore, the OSBME knew of the information contained in the documents, whether or not the specific documents later released had been obtained earlier.

A later release of information previously known does not violate the Privacy Act. *See Hollis v. United States Dep't of Army*, 856 F.2d 1541, 1545 (D.C.Cir.1988) ("when a release consists merely of information ... which the recipient of the release already knows, the Privacy Act is not violated"); *Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1096 n. 1 (1st Cir. 1987) (information imparted by the United States Attorney to the Bureau of Prisons in 1984, both of whom had been privy to the information since at least 1980, did not violate the Privacy Act).

■ Plaintiff alleged that the OSBME also contacted two employees of defendant who verbally gave information based on their personal observations. The employees also offered their personal opinions that plaintiff's employment should not be allowed to continue. The release of this information does not violate the Privacy Act because it "was derived from independent knowledge and not from an agency system of records." *Thomas v. United States Dep't of Energy*, 719 F.2d 342, 345 (10th Cir.1983).

■ Plaintiff also alleged that information contained in the records was inaccu-

rate and incomplete. Plaintiff has failed to identify any inaccuracies in the record. She appears to argue that the fact that the MSPB reversed defendant's decision to terminate her proves the inaccuracy of the information. However, the MSPB did not find the information false. Instead, the MSPB found that defendant had presented insufficient evidence of the required number of violations needed to establish plaintiff's failure to meet performance requirements of the various job elements alleged to have been violated.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.