In re Gloria BONNANZIO, Debtor.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Plaintiff,

v.

Gloria BONNANZIO, Defendants.

Bankruptcy No. 92–82420–478.

Adv. No. 893–8090.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

April 22, 1994.

Zodda & Bizzarro by Lynne A. Bizzarro, Sayville, NY, for plaintiff.

## DECISION AND ORDER ON CREDITORS APPLICATION FOR LEAVE TO FILE A LATE NOTICE OF APPEAL

EDWARD J. RYAN, Bankruptcy Judge.

By application and notice of motion dated March 29, 1994, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") moves for an order pursuant to Bankruptcy Rules 8002(c) and 9006 extending the time to file a late notice of appeal.

In support of the motion National Union shows:

1. National Union is a creditor of the Debtor and therefore a party in interest.

2. The deadline for National Union to file a Notice of Appeal was March 28, 1994.

---

3. A trial was held in this adversary proceeding in October 1993. During the week of March 14, 1994, I received a telephone call from debtor's counsel's office. I was told that debtor's counsel had contacted the court on this matter and was told that a decision would not be rendered for at least another month due to a staff change.

4. On March 24, 1994, I was out of town on family business and was not expected back until March 27, 1994.

5. Upon my return to the office late on March 28, 1994, and after being with clients most of the day, I discovered that a decision had been rendered in this case on March 18, 1994 as indicated by the "received" stamp located on the copy of the Judge's Decision ... It is our office practice to stamp the mail on the day it is received. The time to file the Notice of Appeal, however, expired on March 28, 1994.

6. As I did not return to the office until very late in the afternoon on the last day for filing the Notice of Appeal, I was unable to prepare the necessary paperwork or reach my client.

7. The very next morning, on March 29, 1994, I sent my client the decision by facsimile and prepared these motion papers.

8. Pursuant to Bankruptcy Rule 8002(c) "a request made [for an extension] no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect ..." The time for filing the Notice of Appeal expired one (1) day ago. Thus, this Motion has been made in a timely fashion. Moreover, the circumstances set forth herein clearly indicate that I proceeded in a proper fashion, and if the Court should see my actions as neglectful, such actions are excusable. Furthermore, even if I had time to file the Notice of Appeal upon my return on March 28, 1994, my client and I certainly would not have had ample opportunity to decide whether or not there were proper grounds for the appeal. It is not my practice to file a Notice of Appeal unless I am sure that there are sufficient grounds, as I do not wish to bog down the Courts with unnecessary paperwork.

9. Based upon the foregoing, excusable neglect exists so as to enable this Court to grant National Union a short extension of Time to File a Notice of Appeal ...

No opposition papers were presented.

The decision and order which are sought to be appealed were not embodied in a "separate document".

Perhaps the undisputed facts would constitute "excusable neglect" so that relief might be granted under the principles of *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, ── U.S. ──, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), cf. *In re Alithochrome Corp.*, 34 B.R. 354 (Bankr.S.D.N.Y.1983).

■ Prescinding therefrom, the court holds that the time to appeal the decision and order dated March 18, 1994, has not yet begun to run, the decision and order not having been embodied in a separate document as required by Federal Rule of Bankruptcy Procedure 9021.

Bankruptcy Rule 9021 states, "Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." It also states that Federal Rule of Civil Procedure 58 applies in bankruptcy cases.

Federal Rule of Civil Procedure 58 states in part, "[U]pon a decision by the court ... the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court. Every judgment shall be set forth on a separate document." A judgment is effective only when so set forth and when entered as provided in Bankruptcy Rule 5003.

■ The entry of the Rule 58 "separate document" notifies each party that the time to appeal has begun to run. *Reichman v. United States Fire Insurance Co.*, 811 F.2d 1112 (7th Cir.1987). "A party safely may defer the appeal until Judgment Day if that is how long it takes to enter the document." Id. at 1117.

In his dissent from the denial of a writ of certiorari in *Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.,* 479 U.S. 966, 107 S.Ct. 468, 93 L.Ed.2d 413 (1986) Justice Blackmun discussed the application of the separate-document rule. He wrote that in *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) after the Court reviewed the history of the 1963 amendment to Rule 58, it had cited with approval Professor Moore's remark that the Rule constituted "a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective."

He wrote also that in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) the Court noted that the separate-document requirement was aimed particularly at "avoid[ing] the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." Id. at 385, 98 S.Ct. at 1120.

After analyzing these Supreme Court decisions dealing with the separate-document rule, Justice Blackmun stated that the two decisions supported the following proposition: the separate-document requirement must be applied mechanically in order to protect a party's right of appeal, although parties may waive this requirement in order to maintain appellate jurisdiction of their case.

In the instant case the final sentence of the decision and order reads, "Let judgment enter accordingly." No judgment had been "set forth on a separate document" at the time the request for an extension was filed. The time to appeal had not yet begun to run.

The application is denied. It is so ordered.[1]

---

1. No opinion is expressed whether this decision need be embodied in a separate document for appeal purposes (if either side can be said to be aggrieved).