Nos. 94-4033/95-3791

Waymon Powell; Claudell Smith,        *
Willie Griffin; Hershel Ward;         *
Odell Lawson; International            *
Woodworkers of America, AFL-CIO,      *
CLC, and Local 5-475,                 *
                                      *
        Appellants,                   *
                                      *
        v.          *                 *
                                      *
Georgia-Pacific Corporation,          *
                                      *
        Appellee. *                   *
                                      *
                                      *   Appeals from the United States
        -----------------             *   District Court for the Western
                                      *   District of Arkansas.
                                      *
International Woodworkers of           *
America, AFL-CIO, CLC, and Its        *
Local 5-475; Roy Matheny, Jr.;        *
and Others,                           *
                                      *
        Appellants,                   *
                                      *
        v.                            *
                                      *
Georgia-Pacific Corporation,          *
                                      *
        Appellee. *

Submitted:  June 14, 1996

Filed:  July 19, 1996

Before MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges, and JACKSON,[*] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiffs filed this appeal from the district court's order directing the clerk of the court to disburse certain funds from the court's registry to the Georgia-Pacific Foundation ("disbursement order") in order to establish a scholarship program approved by the district court in an earlier order ("scholarship order"). The substance of the plaintiffs' appeal, however, focuses on the merits of the scholarship order.

Because the order from which the plaintiffs appealed is not a final one, we lack jurisdiction to hear an appeal from it under 28 U.S.C. § 1291. The district court quite obviously intended the scholarship order to represent the final disposition of the case and said so. The order provided a "'clear and unequivocal manifestation by the trial court of its belief that the decision made ... [was] the end of the case.'" Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995), quoting Fiataruolo v. United States, 8 F.3d 930, 937 (2d Cir. 1993). In fact, the order specifically directed the plaintiffs to file a notice of appeal if they so desired. The disbursement order, from which the plaintiffs appealed, is merely a "housekeeping" order, and we have repeatedly held that "the mere retention of jurisdiction for future ministerial orders does not withhold the finality required to make [a previous] order appealable." United States v. 1,431.80 Acres of Land, 466 F.2d 820, 822 (8th Cir. 1972) (per curiam); see also, e.g., Goodwin, 67 F.3d at 151, and Lewis v. United States Farmers Home Admin., 992 F.2d 767, 772 (8th Cir. 1993). Because the

_____

[*]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

-2-

disbursement order is not a final one, the plaintiffs may not appeal from it.  See Sperry Corp. v. City of Minneapolis, 680 F.2d 1234, 1237 (8th Cir. 1982), quoting IIT v. Vencap, Ltd., 519 F.2d 1001, 1020 (2d Cir. 1975), for the proposition that parties cannot "'appeal from an order which ... merely permits an expenditure in accordance with the provisions of ... previous [final] orders.'"

Georgia Pacific argues that we must dismiss this case for lack of jurisdiction because the plaintiffs failed to file a notice of appeal within thirty days after the court issued the scholarship order.  See Fed. R. App. P. 4(a).  We note, however, that the scholarship order was not accompanied by a judgment entered on a separate document as required by Fed. R. Civ. P. 58.  We therefore conclude that this appeal is "premature because it precedes the filing of a final judgment."  Sanders v. Clemco Industries, 862 F.2d  161, 166 (8th Cir. 1988).  Had the plaintiffs appealed from the scholarship order, we might find that they had waived the separate-document requirement.  They did not, however, and the "'separate-document requirement must be applied mechanically in order to protect a party's right of appeal'" (emphasis in original).  Id. at 167, quoting Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc., 479 U.S. 966, 969 (1986) (Blackmun, J., dissenting from denial of certiorari).

We therefore dismiss this case for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-