**In the Matter of RETIREMENT BUILDERS, INC. d/b/a Blush Lingerie Corp., Debtor.**

**Bankruptcy No. 88–02490–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Dec. 14, 1988.

Leslie Gern Cloyd, H. Laurence Cooper, West Palm Beach, Fla., for Creditors' Committee.

Jack Weins, Hollywood, Fla., for debtors.

## ORDER AUTHORIZING FILING OF CLASS PROOF OF CLAIM

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on November 7, 1988, in Ft. Lauderdale, Florida, upon the Motion to authorize filing of class proof of claim or, in the alternative, extend the claims bar date filed by the attorney for the class plaintiffs in the pending State Court action, and the Court having reviewed the matter, having considered arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

Movants in this case consist of a certified class in a class action suit pending in the Circuit Court, in and for Palm Beach County, Florida, styled *Abraham Halpern, et al. vs. Retirement Builders, Inc.*, case number 81–3361 CA (L) 01 0. The movants' request to extend the claims bar date has already been ruled upon in a previous Order entered October 13, 1988, which extends the claims bar date through and including March 1, 1989. Therefore, the Court does not need to address that issue in this Order.

The movants have requested that this Court authorize the filing of a class proof of claim. This Court decided in the case of *In Re: Arrow Air, Inc.*, 75 B.R. 372 (S.D. Fla.1987), that a class proof of claim is not permissible in a bankruptcy case, stating that there were no cases to the contrary.

Movants now urge this Court to reconsider the *Arrow Air* decision, based on the case of *In Re: American Reserve Corporation*, 840 F.2d 487 (7th Cir.1988). The Seventh Circuit decided that a class representative may, at the Bankruptcy Judge's discretion, be permitted to file a class proof of claim in a bankruptcy case.

Debtors object to the relief sought by movants, citing the case of *In Re: GAC Corporation*, 681 F.2d 1295 (11th Cir.1982). Although this case was decided under the Bankruptcy Act, Debtors contend that it must be followed as the only decision by the Eleventh Circuit on the issue of class proofs of claims.

The Eleventh Circuit in *GAC* affirmed the District Court's decision to disallow a class proof of claim, under the facts of that particular case. The Court stated that "we need not and do not decide the issue whether a class proof of claim is ever allowable in a Chapter X proceeding, however, for even if we assume arguendo that class claims are allowable, [movant] failed to follow any of the procedures required to prosecute a class action"; 681 F.2d at 1299. The Eleventh Circuit did not need to reach the issue as to whether a class proof of claim is allowable, as the movant in that case never complied with the procedural requirements for prosecuting a class action. In that case, movant did not obtain the required class certification. The only action taken by movant was to file a class claim.

■ This Court's decision in Arrow Air, must be reconsidered in light of American Reserve. The Seventh Circuit's opinion delineates the circumstances as to when a class claim is appropriate. That decision leaves it up to the discretion of the Bankruptcy Judge as to whether to permit a class proof of claim. The fact that the allowance of a class proof of claim is up to the Bankruptcy Court's discretion, removes the possibility of abuse and will allow the

Bankruptcy Court to review each case on its particular facts.

■ The Motion to authorize filing of a class proof of claim is a contested matter pursuant to Bankruptcy Rule 9014. Therefore, the adversary rules are applicable. Bankruptcy Rule 7023 would apply. Bankruptcy Rule 7023 incorporates Federal Rule of Civil Procedure 23, which pertains to class actions.

Most of the other decisions that have rejected class claims have relied on 11 U.S. C. § 501. This Court finds, as the Court did in *American Reserve*, that the list contained in Section 501 is not exclusive. The legislative history is silent on class actions and on representative claims in general. The legislative history does not suggest that the list in Section 501 is exclusive.

An example of the non-exclusivity of Section 501 is set forth in *American Reserve*. Section 501 omits agency filings on behalf of the principal. Bankruptcy 3001(b) specifically states that a proof of claim shall be executed by the creditor or the creditor's exclusive agent. If Section 501 is an exclusive list, then it would exclude the authority given by Bankruptcy Rule 3001(b). Therefore, this Court finds that Section 501 is not meant to be an exclusive list and that class action filings can be considered.

■ The class of claimants in this case is certified pursuant to a Court Order entered May 31, 1984 in the State Court proceeding. There are approximately 2,000 class claimants in the pending State Court action. In a case such as this, it is appropriate to allow the filing of a class action proof of claim by the class representative. This would avoid the necessity of the Clerk's office processing several thousand claims.

Accordingly, the Motion to authorize filing of class proof of claim is granted and the class representative is hereby authorized to file a class proof of claim on behalf of the class claimants.