**In re GENERAL DEVELOPMENT CORPORATION, et al.,**
**Debtors.**

**Bankruptcy No. 90–12231–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

May 4, 1993.

Kenneth B. Robinson, c/o Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for debtors.

Samuel J. Zusmann, Jr., c/o Maguire, Voorhis & Wells, P.A., Orlando, FL, for Official Claims' Committee.

Douglas Lyons, c/o Lyons & Farrar, P.A., Miami, FL, for claimants.

**MEMORANDUM DECISION AND ORDER DENYING MOTIONS OF JOSEPH R. BERGMANN, ASAD BAKIR AND CHARLES J. TREMONTI PURSUANT TO BANKRUPTCY RULE 9014 TO MAKE BANKRUPTCY RULE 7023 APPLICABLE**

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court in Miami, Florida on January 19, 1993 and February 16, 1993, upon Motions ("Motions") filed by Joseph R. Bergmann, Asad Bakir and Charles J. Tremonti (collectively the "Claimants") (C.P. 4998, 5246) pursuant to Federal Rule of Bankruptcy Procedure 9014 to make Federal Rule of Bankruptcy Procedure 7023 applicable to their respective responses to claims objections filed by Atlantic Gulf Communities Corporation, f/k/a General Development Corporation and its Debtor Subsidiaries (the "Debtors"). The Court has considered the Motions, the argument of counsel and the legal memoranda which have been submitted by counsel for the Debtors, the Claimants, and the Claims Committee. For the reasons stated below, the Court declines to apply the Class Action procedure set forth in Fed.R.Bankr.P. 7023 to the Claimants' responses to claims objections.

## BACKGROUND

These Motions come before the Court in conjunction with the response filed by each of the Claimants to one of three objections to claims filed by the Debtors, captioned respectively:

1. Debtors' First Omnibus Objection to Certain Pre–1983, Third Party and Not–In–System Housing Claims for Purposes of Distribution and Allowance Under Plans (the "Pre–1983 Objection");

2. Debtors' Omnibus objection to Certain Non–Restitution Program Housing Claims for Purposes of Distribution and Allowance Under Plans (the "Non–HRP objection"); and

3. Debtors' Omnibus Objection to Certain Non–Resolved Homesite Claims for Purposes of Distribution and Allowance Under Plans (the "Homesite Claims Objection").

As evidenced by certificates of service filed by Debtors' counsel, service of each Objection was made upon each claimant listed in each objection and each was served with notice of the procedure and time deadline for responding to the Objection, all in accordance with the Court's

Standing Order Establishing Procedures For Objections To Claims And Estimation Of Claims ("Standing Order") entered July 31, 1991.

Bergman filed a response to the Pre–1983 Objection; Bakir filed a response to the Non–HRP Objection; and Tremonti filed a response to the Homesite Claims Objection. Each of the responses, in addition to responding to the objection to the claim of the named respondent, also asserted a class response on behalf of certain other claimants named in the respective Objections.

In the Pre–1983 Housing Objection, the Debtors objected to the allowance of certain proofs of claim filed by claimants who had purchased houses from the Debtors prior to 1983 on the grounds that the Debtors did not have any liability to those claimants or, that if any liability did at one time exist, such liability was extinguished by the applicable statute of limitations.[1]

In the Non–HRP Objection, the Debtors objected to and sought to reduce claims filed by certain claimants who purchased houses from the Debtors subsequent to January 1, 1983, to amounts which were consistent with the treatment afforded similarly situated claimants who participated in the Housing Restitution Program administered by Special Master Thomas Wood.

The Debtors' Homesite Claims Objection sought to either reduce or disallow, where appropriate, certain non-resolved homesite claims which were filed as a result of terminated or rejected homesite contracts. Of the claims originally listed in this Objection, approximately 105 claims arose from homesite contracts which were terminated as a result of the purchasers' default under the homesite contracts; the remaining claims arose from homesite contracts which were rejected by the Debtors pursuant to Section 365 of the Bankruptcy Code.

Tremonti's "class response" was originally filed on behalf of all claimants listed in the Homesite Claims Objection. Tremonti's response is now limited to the claimants whose claims arose from terminated, as opposed to rejected, homesite contracts.[2]

The number of responses filed to each objection, based upon the record in the Court, are:

1. Pre–1983 Objection (including Bergmann)—40

2. Non–HRP (including Bakir)—10

3. Homesite Objection (including Tremonti)—6

## DISCUSSION

The Court's consideration of the relief requested in the Motions focuses on two main issues:

(a) whether a class response to objections to individual proofs of claim is appropriate; and

(b) whether class action procedures are appropriate under the facts pertaining to these Objections.

After considering both of these issues, the Court finds that the application of class action procedures is neither warranted nor appropriate and declines to apply Fed.

---

1. The Debtors had also objected to certain housing claims filed by claimants who purchased their houses from parties other than the Debtors, or whose claims failed to provide sufficient information to permit the Debtors to identify the underlying housing contract or confirm the validity of such claims. The Bergmann "class response" did not seek to include these claimants; and on February 2, 1993, the Court entered an Order sustaining the Pre–1983 Housing Objection as to such claims if no response had been timely filed.

2. On February 2, 1993, the Court entered an Order Sustaining Debtors' Omnibus Objection to Certain Non–Resolved Homesite Claims, which Order disposed of the Debtors' objection to non-resolved homesite claims arising from rejected contracts as to which no responses had been filed. Debtors also withdrew their objection as to certain of the homesite claims originally the subject of their Homesite Claims Objection. The Debtors have advised the Court that they will be withdrawing their Objection as to an additional 41 homesite claims arising from terminated contracts based upon the Debtors' identification of these claims as having been resolved by this Court's October 23, 1992 Order (1) Approving Terms of Settlement of *Say* Class and (2) Authorizing 6DC to Make Interim Distributions to *Say* Class Members and Certain Other Creditors ("Say Order") and January 27, 1992 Standing Order Granting Authority to Designate Certain Claims as Released on Official Claims Registry ("HPAP Claims Release Order").

R.Bankr.P. 7023 to the Claimants' responses to the Objections.

## A. *Propriety of A Class Response*

■ Fed.R.Bankr.P. 7023 provides that Fed.R.Civ.P. 23, which governs class actions, automatically applies in adversary proceedings. An objection to a proof of claim is a contested matter, not an adversary proceeding, and is not subject to Fed. R.Bankr.P. 7023, unless it is coupled with a demand for relief under Fed.R.Bankr.P. 7001. No such relief is sought in any of the Objections. The Court, however, in its discretion may direct that Fed.R.Bankr.P. 7023 apply to a contested matter. *In Matter of GAC Corp.* 681 F.2d 1295, 1299 (11th Cir.1982). For the reasons set forth below, the Court elects not to exercise such discretion as to the Objections.

■ Each claimant listed in each Objection was served with a copy of the Objection and with a notice setting forth the procedures for responding to the Objection. The notice clearly advised claimants of the need and requirement that each file a written response should such claimant wish to contest the relief sought by the Debtors in the Objection. Some of the claimants named in each Objection elected to file timely responses and thus preserve their right to contest the objection to their claims. Others elected not to respond for reasons the Court has no knowledge of and does not believe necessary to make inquiry of.

The Court does not accept Claimants' argument that the Court should disregard its Standing Order and apply class procedures to the Objections simply because certain claimants elected not to file responses to the Objections. To the extent that certain claimants elected not to contest the disallowance or reduction of their claims as sought by the Debtors in the Objections, this Court does not believe that it is appropriate to permit the resurrection of those claims by the Claimants' filing of class responses.

The Court is well aware of the utilization of class procedures in bankruptcy. *See, e.g., Matter of Retirement Builders,* 96 B.R. 390 (Bankr.S.D.Fla.1988). However, in *Matter of Retirement Builders,* which was decided by this Court, as well as the cases of *In re Charter Co.,* 876 F.2d 866 (11th Cir.1989) and *Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988), the issues addressed by the courts was whether to permit the filing of a class proof of claim, not a class response.[3] Moreover, the Courts were not asked, as here, to address class issues which were raised for the first time nine months after confirmation of a plan of reorganization.

In these cases, the proof of claim originally filed by each of the Claimants was filed as an individual and not as a class proof of claim. In conjunction with the filing of the Motions, the Claimants also filed a joint motion for leave to amend each of those individual proofs of claim to class proofs of claim. This Court on February 26, 1993, entered an Order Denying Motion For Leave to Amend, in which each of the Claimants was denied the right to amend their respective individual proof of claim to a class proof of claim. As the proof of claim filed by of each of the individual claimants is not a class proof of claim the cited cases are not determinative of the issue here presented.

Claimants have asserted that each of the Objections is a "class objection." It is clear from a review of each of the Objections that each is an objection to individual claims. The fact that certain objections were combined in a single pleading does not convert those individual objections to a "class action." Moreover, Federal Rule of Civil Procedure 23 speaks in terms of "actions," not "responses." The Rule provides that a class "may sue or be sued."

---

**3.** As pointed out by this Court in *Matter of Retirement Builders,* the filing of a class action proof of claim by a class representative "would avoid the necessity of clerks processing several thousand claims." 96 B.R. at 397. Here, the hundreds of proofs of claim at issue have al-

ready been filed and processed. As stated by the bankruptcy court in *In re Woodmoor,* 4 B.R. 186, 189 (Bankr.D.Colo.1980), these "claims can be conveniently and expeditiously managed by following normal bankruptcy procedures."

The Rule does not address the issue of a class response to individual objections.

Although counsel for the Claimants was unable to direct the Court to any legal authority which addresses the issue of filing a class response to a claim objection, counsel for the Claims Committee did identify two decisions by Judge Galgay in which the issue was raised. *See In re REA Express, Inc.*, 10 B.R. 812 (Bankr. S.D.N.Y.1981); *In re W.T. Grant, Co.*, 24 B.R. 421 (Bankr.S.D.N.Y.1982). Neither of these cases lend support to the Claimants' position. Indeed, Judge Galgay's reasoning, especially in *In re W.T. Grant*, supports this Court's conclusion that a class response is not appropriate under the facts of this case.

In *In re REA Express*, approximately 1,000 non-unionized employees filed individual claims. Rather than object to these individual claims, the trustee filed a motion to disallow, reduce and reclassify all of the claims. Two of the affected employees then asserted a class response, asserting as a basis for such action that the trustee's motion did not address the claims of specific individuals. Based upon findings that the trustee did not oppose a class response and that the issues presented were of a nature applicable to all affected claimants, Judge Galgay permitted the class response to stand. The facts in this case differ from those presented in *In re REA Express* in three fundamental respects. First, here the Debtors have objected to individual claims. Second, and dispositively, the issues presented to this Court are primarily fact intensive as to each claimant. Third, each claimant whose claim is objected to by the Debtors received notice of a bar date for filing a response to such claims objection and thus was provided the opportunity to respond.

Judge Galgay's decision in *In re W.T. Grant* is even more instructive. In that case, 3,393 terminated employees filed proofs of claim for severance benefits. 3,331 of the original 3,393 terminated employees accepted the trustee's calculations of the amounts due them and received checks containing a "full settlement" reci-

tation. When the remaining employees and the trustee did not reach agreement as to the allowable amount of their claims, the trustee filed objections. One of the claimants, Massey, as to whose claim an objection was filed sought class certification not only on behalf of those employees whose claims had been objected to but also on behalf of the 3,331 employees who had accepted the trustee's checks. Massey asserted the "settlement" checks should not estop those 3,331 employees from being part of the class because their "waiver" of any further claims was the result of mistake or procured by fraud. Judge Galgay, in denying class certification, rejected these arguments, and concluded that as Massey was not one of those who had waived their claims, she was not representative of such class. 24 B.R. at 425. Additionally, the Court determined that only 33 employees had responded to the trustee's objections, and stated:

> The putative class, then, which Massey could represent, properly comprises only those 33 former Grant employees who were of retirement age at the time of their discharge *and who have disputed the trustee's calculations of their severance pay claims.* (emphasis added)

*Id.* at 425. The Court then denied class representation for lack of numerosity. *Id.* at 426.

Here, those claimants who did not elect to file responses to the Debtors' claims objection have waived their right to contest the treatment afforded their claims by the Debtors. The Claimants, all of whom have filed timely responses, cannot be deemed representative of these parties merely because they are all identified on the same exhibit attached to the Debtors' claims objections.

■ Having determined that Claimants cannot represent those claimants who did not file timely responses to the Debtors' claims objections, the Court next must address whether a class response should be permitted on behalf of those claimants who have already preserved their right to contest the Debtors' objections to claims by filing a response. The Court is sensitive to

the rights and ability of claimants who have filed responses to the Debtors' claims objections to have their day in court. Even if Claimants can meet the numerosity requirement for class actions under Fed. R.Civ.P. 23(a), which the Court does not believe they can, the Court is not persuaded that allowing class action procedures is appropriate as to those claimants who have elected to file independent responses, and especially when several of the claimants who have filed responses are already represented by counsel. Others have filed responses which provide significant information supporting the validity of their original proofs of claim. As those responding claimants have already shown themselves capable of filing their own independent responses it is unnecessary to impose class procedures which may have the effect of prolonging rather than expediting resolution of the Objections.

Accordingly, the Court does not find that the facts presented to it warrant the application of class procedures, even limited to the population of claims where responses to claims objections have been filed.

**B. *Class Action Procedures Are Not Appropriate For The Adjudication Of Fraud Claims In These Cases***

■ The Court is aware of the Claimants' claim that they will be able to establish a systematic scheme of fraudulent behavior perpetrated by the Debtors in connection with the sale of houses and homesite lots. While the Court does not find that class actions are not appropriate, under any circumstances, in connection with fraud actions, the Court is concerned with respect to the instant cases, which involve individual sales transactions. The Court notes that other courts have found that the necessity for individualized proof in fraud cases makes maintenance of a class action inefficient and impracticable. *See Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 493 (8th Cir.1983). The Florida Supreme Court has held that actions alleging fraud based upon separate contracts present, as a matter of law, inherently diverse issues which make the application of class action proce-

dures inappropriate. *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

Here, even if Claimants could demonstrate that the alleged fraudulent representations and practices of which they complain were uniform as to all affected claimants, the Court has serious doubts as to whether such uniformity could be established with respect to the elements of reliance, causation or damages which would need to be established with respect to each class member. While there indeed may be evidence which could be applicable to the sales transactions of each affected claimant, it is the potential factual distinctions which permeate each sales transaction which the Court finds fatal to the Claimants' ability to prosecute affirmative class claims based upon fraud.

Accordingly, the Court having considered the arguments presented by counsel and being otherwise duly advised in the premises, and for the reasons set forth above, it is

ORDERED AND ADJUDGED as follows:

1. That the respective Motions of Joseph R. Bergmann, Asad Bakir and Charles J. Tremonti pursuant to Federal Rule of Bankruptcy Procedure 9014 to make Federal Rule of Bankruptcy Procedure 7023 applicable to their responses to claims objections filed by the Debtors be and hereby are DENIED, without prejudice to the right of the Claimants to obtain adjudication of their individual responses to the Objections to their respective proofs of claim;

2. That the Debtors' Objections to the claims of those claimants who have filed timely responses to the Debtors' Pre–1983 Objection, Non–HRP Objection and Homesite Claims Objection will be scheduled for further evidentiary hearing before the Court;

3. That the Debtor's Pre–1983 Objection, Non–HRP Objection, and Homesite Claims Objection are each sustained as to the claimants named therein who failed to timely file responses to such Objections,

and the Debtors shall submit separate orders sustaining each of said Objections.

DONE AND ORDERED.