940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward R. STEIN, Stein, Moran, & Westerman, P.C.,
Plaintiffs-Appellants,
v.
HOME INSURANCE COMPANY, Defendant-Appellee.
 No. 91-1397.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal summary judgment in favor of the defendant in this diversity action to determine rights and duties under a professional liability insurance policy. The district court entered the order granting summary judgment on February 28, 1991. On March 13, 1991, the plaintiffs filed a motion to extend the time for filing a motion to reconsider. Along with the motion to extend, the plaintiffs tendered their motion to reconsider. On March 15, 1991, the district court granted the motion to extend and permitted the motion to reconsider to be filed as of that date. While the motion to reconsider was pending, the plaintiffs filed a notice of appeal.
 
 
 2
 A timely motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) tolls the time in which the appeal must be filed. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A motion to reconsider may be construed as a time-tolling motion under Fed.R.Civ.P. 59(e). See Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc., 915 F.2d 201, 206 (1990). In the instant case an issue arises as to the timeliness of the motion to reconsider. Under the federal rules, the ten day period does not include intervening weekends. See Fed.R.Civ.P. 6(a). The plaintiffs did tender a copy of the motion to reconsider to the district court along with the motion to extend within ten days of entry of the order granted summary judgment as computed under Fed.R.Civ.P. 6(a). The motion to reconsider was also served on the opposing party within ten days on March 13, 1991. Accordingly, for purposes of determining this court's jurisdiction, we consider the motion to reconsider to have been timely.
 
 
 3
 A notice of appeal filed during the pendency of a motion to alter or amend is of no effect. Fed.R.App.P. 4(a)(4); Griggs, 459 U.S. at 61. A new appeal must be perfected within the time for appeal as computed from the ruling upon the motion to alter or amend. Id. This appeal is therefore premature. We also note that final judgment, in accordance with Fed.R.Civ.P. 58, has yet to be entered in this case. See Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir.1989), cert. denied, 110 S.Ct. 1809 (1990) (time for appeal commences from entry of final judgment).
 
 
 4
 It is therefore ORDERED that this appeal is dismissed sua sponte without prejudice to the plaintiffs' right to perfect a timely appeal upon the disposition of the pending motion to reconsider.