76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. HOSIER, Plaintiff-Appellant,
v.
Douglas B. BAILY, Alaska Attorney General; Mark Ells,
Alaska District Attorney; Allan Hooper, Alaska District
Attorney; Thomas M. Jahnke, Alaska Superior Court Judge;
Thomas M. Schulz, Alaska State Court Judge; Cynthia M.
Hora, Assistant to Alaska Attorney General; Steven West,
Attorney; Michael A. Thompson, Attorney Office of Alaska
Public Advocate Office; James L. Bruce, Attorney; Harry
Branson, Defendants-Appellees.
 No. 93-35819.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald R. Hosier appeals pro se the district court's grant of summary judgment in Hosier's 42 U.S.C. § 1983 civil rights action. Hosier alleged that state court judges, prosecutors, and defense counsel conspired to violate Hosier's civil rights during his state criminal prosecution for assault and burglary. This action arises out of the events leading to Hosier's arrest, conviction, and sentence for first degree assault and burglary. We have jurisdiction under 28 U.S.C. § 1291[1] and affirm.
 
 
 3
 A prisoner's civil rights claim for damages attributable to an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness would render a conviction or sentence invalid does not accrue until his sentence or fact of imprisonment has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). Because Hosier's allegations regarding the proceedings leading up to his conviction necessarily imply the invalidity of his conviction, and he has not shown that his conviction has been overturned, or otherwise invalidated, Hosier has no damages claim at this time. See Heck, 114 S.Ct. at 2373; Trimble, 49 F.3d at 585. Accordingly, the district court properly dismissed the allegations involving Hosier's conviction. See Heck, 114 S.Ct. at 2372.[2] We also affirm, pursuant to Heck, the district court's denial of Hosier's motion for reconsideration.
 
 
 4
 The district court properly dismissed the causes of action against state prosecutor West and defense counsel Bruce which alleged a conspiracy to improperly sentence Hosier. Because Hosier's sentence was reduced as a result of his direct criminal appeal, those allegations are not barred under Heck. Hosier nevertheless failed to establish that absolute prosecutorial immunity did not apply in this action, see Imbler v. Pachtman, 424 U.S. 409, 430-31 & n. 34 (1976), or that his defense counsel acted under color of state law for purposes of section 1983 liability, see Polk County v. Dodson, 454 U.S. 312, 325 (1981); Tower v. Glover, 467 U.S. 914, 919-20 (1984).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees contend that this court's jurisdiction is limited to the denial of Hosier's Fed.R.Civ.P. 60(b) motion because the district court entered judgment nunc pro tunc as of May 12, 1992. However, the judgment was not entered on the district court's docket until July 28, 1993. Because Hosier's August 26, 1993 notice of appeal is timely from the district court's separate entry of judgment, we have jurisdiction to review the merits of the underlying action. See Reid v. White Motor Corp., 886 F.2d 1462, 1467-68 (6th Cir.1989), cert. denied, 494 U.S. 1080 (1990)
 
 
 [2]
 Remand for entry of judgment without prejudice to Hosier's future refiling of an in forma pauperis complaint on the same claims is not necessary because defendants are entitled to immunity from damages under section 1983. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988); Forrester v. White, 484 U.S. 219, 230 (1988)