DECISION
The defendant, Edward Menard, appealed an order from this court, entered June 6, 1997, which denied plaintiff, Robert Kay's motion for additur and denied defendant's motion for a new trial. This matter is before the court on defendant's motion to clarify and, in the alternative, to extend the time to file the notice of appeal.
 Facts/Travel
On April 25, 1997, after trial by jury, the jury reached a verdict in the sum of $275,000.00 plus interest and costs. Shortly thereafter, the clerk added costs and interest, raising the judgment to a total amount of $509,962.75. (Ex. A, Civil Judgment on Verdict). On May 28, 1997, the trial justice orally denied defendant's motion for a new trial and also denied plaintiff's motion for an additur. On the same date, the clerk of the court entered an order which reflected the court's denial of the defendant's motion for a new trial but failed to reflect the court's denial of the plaintiff's motion for an additur. (Ex. B, Order on Motion for New Trial). Defendant claims that he did not receive timely notice of that order. On June 6, 1997, the defendant presented an order which the trial justice signed and the clerk entered. This order of June 6, 1997 accurately stated that the trial justice had denied both defendant's motion for a new trial and the plaintiff's motion for an additur. (Ex. C, Order Denying Plaintiff's Motion for Additur and Defendant's Motion for New Trial). On June 24, 1997, the defendant filed the notice of appeal. (Ex. D, Notice of Appeal).[1] Defendant now brings the instant motion to clarify the orders entered on May 28, 1997 and June 6, 1998. Defendant argues, essentially, that the order signed by the trial justice on June 6, 1997 governs the filing of the notice of appeal and that this court may relieve the defendant of the order filed on May 28, 1997 because that order was defective. In the alternative, the defendant argues that if the May 28, 1997 order controls the appeals period, the defendant requests that the court extend the time to file a notice of appeal in accordance with the Supreme Court Rule 4(a) for excusable neglect. In opposition, the plaintiff first argues that this court lacks jurisdiction to hear these motions because, once the Supreme Court docketed this case as 97-535, the Supreme Court possessed exclusive jurisdiction of defendant's appeal, including orders regarding any failure to comply with the Rules of Appellate Procedure. Secondly, the plaintiff contends that the defendant may not suspend the Supreme Court's jurisdiction of this matter merely because of any delay in filing the transcript. Thirdly, the plaintiff maintains any decision which this court could render "clarifying" the effect of the 5/28/97 and 6/6/97 orders would amount to an unauthorized advisory opinion. Finally, the plaintiff argues that the defendant fails to demonstrate excusable neglect for the failure to timely file his appeal.
 Jurisdiction
The plaintiff argues that this court lacks jurisdiction over this matter. For the foregoing reasons, this court disagrees.
Rhode Island Supreme Court Rules, Rule 11(f) governs the jurisdiction of the Supreme Court and the trial court over appeals. In pertinent part, R.I. Supreme Court Rule 11(f) provides:
 "From the time of the filing of notice of appeal, the Supreme Court and trial courts shall have concurrent jurisdiction to supervise the course of said appeal * * * From the time of the docketing of an appeal in the Supreme Court, said court shall have exclusive jurisdiction to supervise the further course of such appeal * * * Notwithstanding the provisions of this subsection, motions for extensions of time for transmission of the record and the determination of the correctness of the record shall be submitted to the trial court in accordance with Rules 10(e) and 11(c)."
Rhode Island Supreme Court Rules, Rule 10(e) governs the correction or modification of the record and provides that "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court." In the case at bar, the defendant filed the instant motion to clarify which order denying his motion for new trial is controlling. This motion calls for this court to resolve a "difference aris[ing] from whether the record truly discloses what occurred in the trial court" in that it requires this court to determine whether the order(s) submitted accurately reflect the trial justice's decision at the May 28, 1997 hearing. Therefore, because the instant motion essentially requires this court to assess the correctness of the record, the explicit terms of Rule 11(f) grant this court jurisdiction over this motion, notwithstanding the docketing of this matter in the Supreme Court on 1/14/98. Furthermore, the Supreme Court explicitly ordered that the papers regarding this matter be remanded to this court in order to resolve this motion. (See Docket Entry 03-03-98). Accordingly, this motion is properly before this court.
 Discussion
Rhode Island Supreme Court Rules, Art I., Rule 4(a) governs the time for appeal from the trial court to the Supreme Court in a civil case. Rule 4(a) requires a party to file a notice of appeal with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order or decree appealed from. It further provides that
 "The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the Superior Court by any party pursuant to the Rules of Civil Procedure of the Superior Court hereafter enumerated in this sentence * * * and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders * * * made upon a timely motion under such rules: (1) granting or denying a reserve motion under Rule 50(b) * * * or (4) granting or denying a motion for a new trial under Rule 59. * * * A judgment, order, or decree is entered within the meaning of this subdivision when it is set forth and signed by the clerk of the trial court in accordance with the applicable rules of the trial court."
Therefore, under this rule, the running of the time for taking an appeal stops once a party files a Rule 59 motion. The running of time for taking an appeal recommences once the court enters an order deciding the Rule 59 motion. Weisberger, R.I.Appellate Practice, Sec. 4.2 (1991). However, before an order can actually recommence the running of time for taking an appeal, it must conform to the formal requirements of R.I. Rules of Civil Procedure, Rule 58.
Rhode Island Superior Court Rules of Civil Procedure Rule 58(a) sets forth the formalities for the entry of a judgment and requires that "every judgment shall be set forth on a separate document. A judgment is effective and shall be deemed entered when so set forth and signed by the Clerk." The purpose of the formal requirements of Rule 58 is to eliminate any uncertainty as to whether and when a judgment has been rendered and entered. Kent, Rhode Island Civil Practice, Sec. 58.1, at 431; 11 Wright, Miller Kane, Federal Practice and Procedure Sec. 2781 (1995). In order to give effect to this purpose, courts have "mechanically applied in all cases" the requirements of Rule 58.Id. (citations omitted). Therefore, from the moment that a judgment is set forth on a separate document and entered and signed by the clerk, it becomes effective and it triggers the running of time within which an aggrieved party must file notice of appeal.
In Kline v. Dept. of Health Human Services, 927 F.2d 522
(10th Cir. 1991), the court dealt with the exact issue presented by defendant's motion. In Kline, the defendant moved to dismiss the plaintiff's appeal on the grounds that it was untimely. The plaintiff had appealed from an order entering judgment for defendant on May 5, 1989. However, the court had previously entered an order granting defendant's motion to dismiss on July 20, 1988. The court found that both the earlier order and the later order met the separate document requirement of Rule 58 and both were properly issued and docketed. The court was "* * * reluctant to hold that because such an [earlier] order has been entered, the parties may not appeal from a later separate order which clearly meets the requirements of Rule 58." Kline, 927 A.2d at 524. Accordingly, in order to protect the aggrieved party's right of appeal, the court mechanically applied the requirements of Rule 58 and found the second order to validly trigger a running of the time within which the party could file an appeal.Id.
In the case at bar, the plaintiff filed a motion for additur and the defendant filed a motion for a new trial. Both of these motions tolled the running of time for taking an appeal from a judgment of the Superior Court.[2] The order entered on May 28, 1997 complied with the formal requirements of Rule 58 for entry of judgment in that it was a separate, written document that the clerk signed and entered. After "mechanically applying" the formal requirements of Rule 58, this court finds that the May 28, 1997 order meets the technical requirements of Rule 58 and is, therefore, effective. Likewise, the court finds that the properly signed and docketed order of June 6, 1997 satisfies the formalities of Rule 58. Because both of these order satisfy Rule 58, this court finds that the May 28, 1997 does not operate to deprive the defendant of its right to appeal the signed and docketed order of June 6, 1997. Therefore, the defendant's appeal of the June 6, 1997 order, filed June 24, 1997, constitutes a timely appeal.
In conclusion, because the defendant timely appealed the June 6, 1997 order, the defendant does not require an extension of time and this court denies defendant's motion for extension of time to file a notice of appeal. Furthermore, this court finds that the order entered on June 6, 1997 accurately reflects the trial justice's oral decision of May 28, 1997 which denied both plaintiff's motion for additur and defendant's motion for a new trial. Because this court decides this matter on the aforementioned grounds, this court need not consider additional arguments of counsel.
Counsel shall file an appropriate order for entry.
[1] On October 30, 1997, the plaintiff filed a motion to dismiss the appeal on the grounds that the appeal was not timely filed in the Supreme Court. The defendant objected to the motion to dismiss and argued that the defendant timely filed its notice of appeal in light of the order entered on June 6, 1997. The Court denied plaintiff's motion to dismiss on December 19, 1997.
[2] Although a motion for additur pre-dates the Rules of Civil Procedure, a party may properly bring a motion for additur through Rule 59(a)(1). Rule 59(a)(1) permits a party to move for a new trial "for any of the reasons for which new trials have heretofore been granted." In Roberts v. Kettelle, 116 R.I. 283, 301-02, 356 A.2d 207, 218 (1976), the court recognized that the language of Rule 59(a)(1) contemplates a motion for additur. Consequently, plaintiff's motion for additur, as a motion brought pursuant to Rule 59, tolls the running of time for taking an appeal according to the express terms of Supreme Court Rules, Art. I, Rule 4(a).